**CLAIR v. PHILADELPHIA STORAGE BATTERY CO.**

No. 19928.

District Court, E. D. Pennsylvania.
April 19, 1939.

Harold H. Bowman, of New York City, and Alfred T. Steinmetz, of Philadelphia, for plaintiff.

Charles H. Howson and Hepburn & Norris, all of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

Notice was given by the defendant that it would take the deposition of an absent witness at Douglas, Arizona. The plaintiff excepts to this unless the defendant is put on terms.

Notice was given of the taking of the depositions of several witnesses, but the only one with which we are concerned is the proposed deposition of Walter E. Holland. Notice was given by counsel for defendant on January 13th, 1939, that his deposition would be taken January 27th, 1939, at Denver, Colorado. This notice must have been recalled because a second notice was given February 18th, 1939, of the taking of the deposition of the same witness on March 6th, 1939 at Douglas, Arizona.

Plaintiff objects, under the New Civil Procedure Rule 30(b), 28 U.S.C.A. following section 723c, to the taking of this deposition otherwise than upon interrogatories in writing or, if taken orally, that the expenses of attendance, including a reasonable counsel fee, be allowed the plaintiff, to be paid by defendant. Plaintiff's financial inability to meet this expense is averred.

The answer to these objections discloses that the witness was formerly the General Engineer of the defendant and has personal knowledge of the cabinets manufactured and sold by the defendant and from what designs. The testimony of the witness must cover a wide range which could not be adequately covered by written interrogatories.

It is to be observed that the present action was instituted before the New Rules went into effect. Under Rule 86 however they apply to all procedure in pending cases subject to the discretion of the Court to direct otherwise. As a general proposition, there is no reason for not applying them to the taking of testimony of absent witnesses. Before these Rules went into effect the testimony of absent witnesses might be taken under Letters Rogatory; by Commission or by Deposition. The subject was regulated by local Rules. Our Rules contain nothing which bears upon the present controversy. As the residence of the witness is beyond the 100-mile limit, we start the discussion with the proposi-

778

tion that the defendant has the right to have the testimony of the witness heard in the form of a deposition. The practical difference in having testimony taken through Letters Rogatory; by a Commission or by Deposition before a Notary Public, it is appreciated, may well be a matter of preference and choice. The New Rules provide only for Depositions. There is still a choice between one taken on written interrogatories and one upon oral examination. In the instant case the preference given is to an oral examination. This is a reasonable choice. There enters into it however the practical necessity for the attendance of counsel who are familiar with the case. Such a necessity exists. The only remaining question is the place at which taken. This is largely a matter of convenience, including expense. It includes also the enforcement of a subpoena. Except with the consent of the deponent, his attendance under Rule 40 cannot be enforced beyond the limits of the County of his residence. We assume this applies to the witness here whose deposition is to be taken. The provision for the exception to this rule, is not entirely clear, but we will not concern ourselves with this. This deposition may be taken, for illustration, in Philadelphia or in Douglas, Arizona, if the witness is willing to attend. To the parties Philadelphia is the most convenient and less expensive place. If taken in Douglas, Arizona, the expense would be that of the transportation, maintenance and fees of at least two counsel. If taken in Philadelphia, the expense would be that of the witness alone. The witness was formerly the General Engineer of the defendant. The subject of the inquiry will be largely the services which he rendered when in the employ of the defendant. We have the right to assume his willingness to come to Philadelphia at a time which may be fixed to suit his convenience. Under Rule 30(b) the Court may order the deposition taken at a "designated place other than that stated in the notice". We assume our power to include terms. The deposition may accordingly be taken at some convenient place in the City of Philadelphia, Pennsylvania, instead of at Douglas, Arizona, the expenses of the attending witness figured on the mileage basis and attendance of a witness, to be taxed as part of the costs in the case.

A formal decree in accordance with this opinion may be submitted.