See also 2 F.R.D. 340.

J. Arthur Adler, of New York City, for plaintiff.

Breed, Abbott & Morgan, of New York City (Gerald J. Craugh, of New York City, of counsel), for defendants.

MANDELBAUM, District Judge.

Plaintiff served a notice of examination upon defendants whereby he sought to take the deposition of one Jay C. Hormel, President of both defendants, in New York City.

Defendant seeks an order directing that such deposition be taken at Austin, Minnesota, the principal place of business of the defendants and the place where the officer sought to be examined resides, and that plaintiff be required to pay defendants a reasonable counsel fee for the attendance of one attorney at the taking of the deposition, plus traveling expenses for said attorney, or in the alternative, that said depo-

**MOORE v. GEORGE A. HORMEL & CO. et al.**

District Court, S. D. New York.

June 5, 1942.

sition be taken upon written interrogatories.

In this district, two cases have held that the oral examination of a non-resident officer of a foreign corporation be held at the principal place of business of such corporation. Fairwater Transportation Co., Inc., v. Chris-Craft Corp., D.C., 1 F.R.D. 509; Cohen v. Pennsylvania R. Co., D.C., 30 F.Supp. 419. I have examined these cases and find them to be distinguishable from the one at bar.

■■ Since the court has the power to make any order which will further the ends of justice (Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c) the court will specify the procedure to be followed. The attorneys are all in New York and it would therefore appear to be much less expensive and troublesome to have the party sought to be examined come to New York for the examination. This was the procedure followed in Clair v. Philadelphia Storage Battery Co., D.C., 27 F.Supp. 777, and seems to be the more practicable way of accomplishing the same result. However, plaintiff will be required to pay to defendants the reasonable traveling expenses incident to the trip of its officer to New York, and reasonable hotel expenses while his examination is being conducted, said amounts to be taxable as disbursements in the event that plaintiff recovers costs of the action. Local Civil Rule 12, Southern District of New York.

Accordingly, defendant's motion is denied and the officer designated in plaintiff's notice of examination is to appear for examination at the place designated therein, the date and time and amount of expenses to be settled in the order which will be submitted. Should the plaintiff refuse to pay the reasonable traveling and hotel expenses of defendant's officer as indicated in the opinion, defendant's motion is granted and plaintiff will be required to pay defendants the reasonable counsel fees and traveling expenses incident to the trip to Minnesota.

Settle order on notice in accordance with the above.