## WEEKS v. BALTIMORE & O. R. CO.
### Civil Action No. 4539.

District Court, E. D. Pennsylvania.

Oct. 15, 1945.

B. Nathaniel Richter and Irving Katz, both of Philadelphia, Pa., for plaintiff.

Howard Burtt, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This petition arises out of a notice by defendant to take the oral depositions of plaintiff's family at Richmond, Virginia. Plaintiff seeks to have the defendant charged with the travelling expenses and the fee of his attorney for attending the taking of the depositions. It is urged that it is within this Court's equitable powers to so order.

If this Court has the power to charge the defendant with such expenses, it must stem from Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723(c). I have found

a number of cases where expenses and counsel fees have been charged to the party seeking to take oral depositions outside the hundred mile limit, but these predominate in districts where the Court is specifically authorized to do so by a local rule of practice, such as in the Southern District of New York. E.g., Stevens v. Minder Construction Co., D.C.S.D. N.Y. 1943, 3 F.R.D. 498; Boiczuk v. Baltimore & Ohio R. Co., S.D.N.Y.1944, 5 F.R.D. 18.

There is, however, no comparable local rule in this District. Moreover, there is no similar practice here. Generally, the parties pay their own expenses and find it more convenient and economical to engage local counsel at the place where the depositions are to be taken. There is no reason here for not taking this latter course.

I do not regard the case of Clair v. Philadelphia Storage Battery Co., D.C., 1939, 27 F.Supp. 777, in this District as setting a precedent, especially in view of the subsequent practice here. In that case, Judge Dickinson refused to allow counsel fees and expenses because he found Philadelphia more convenient; the expense of the attending witness, a former employee of the party seeking the deposition, was charged to costs.

Therefore, considering the practice here, and in view of the lack of special circumstances warranting this Court in exercising any power to the contrary, the plaintiff's petition is denied.