Mary Rebecca ADKINS, Individually, et al.,
Appellants,

v.

INTERNATIONAL HARVESTER
COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

Jan. 27, 1956.

J. B. Johnson, Harlan, for appellants.

James Sampson, Harlan, for appellees.

CULLEN, Commissioner.

This is a Workmen's Compensation case, in which the principal question is whether a dependent of a deceased employe, who died more than two years after receiving a totally disabling injury and who had been receiving *voluntary* monthly payments for total disability from his employer, is entitled, under KRS 342.111, to a continuation of the disability payments. The Workmen's Compensation Board ruled against the dependent, and the circuit court affirmed the ruling. The dependent has appealed, contending that the ruling is erroneous, and further contending that the employer was not entitled to assert the defense that the statute, KRS 342.111, does not apply to voluntary payments, because the employer had not pleaded that defense. The attorney for the dependent also has moved for an appeal from so much of the judgment as upheld a ruling of the compensation board denying him an allowance of fees and expenses for attendance at the taking of certain depositions.

KRS 342.111 provides, in part:

"When an employe, *who has been awarded disability compensation by the Workmen's Compensation Board,* shall die as a result of such injury prior to the payment to him of the amount of

the award, then the dependents of the deceased employe shall be allowed and paid all allowed and unpaid awards made to such employe. * * *" (Our emphasis.)

The employe, Charlie Adkins, was injured in September 1950. Thereafter, until his death in June 1953, the employer made voluntary monthly payments to him based upon the maximum allowance for total disability. No agreement was entered into concerning the payment of such compensation, and nothing was filed with the Workmen's Compensation Board. Following the employe's death, his mother filed application for continuance of the disability payments, under KRS 342.111. The employer pleaded the defense that the death was by suicide and that it did not result from the injury for which compensation had been made. A number of depositions were taken, addressed to the question of the cause of death. The referee sustained the application, and the case then was submitted for full board review. Then for the first time was the point made that the statute providing for continuance of payments to dependents applies only where there has been *award* of compensation by the compensation board.

■■ We think there can be little doubt but that the statute applies only where there has been an award of compensation by the board. The statute so provides in unequivocal terms, and we can conceive of a number of reasons why the legislature would intend to limit the payment of benefits to dependents to cases where the extent of the disability and the liability of the employer had been fixed by formal procedure.

Had there been a memorandum of agreement between Adkins and his employer, under circumstances creating a duty in the employer to file the agreement with the board as a final settlement, under KRS 342.265, it perhaps might be held that the agreement was the equivalent of an award; but there was no such agreement here.

The appellant contends that the employer was not entitled to assert the defense of "no award" because the defense was not pleaded, and further contends that, having led the claimant to go to great expense and trouble in taking depositions in the belief that the only issue was with respect to the cause of death, the employer should be estopped to raise the defense of "no award."

■ The argument for the appellant is predicated upon the proposition that the defense of "no award" is one of *forfeiture* or *avoidance,* or otherwise one of an *affirmative* nature. Reference is made to Rule No. 15 of the Workmen's Compensation Board, and CR 8.03, relating to the pleading of matter constituting an avoidance or affirmative defense. The argument clearly is not sound. The claimant here was asserting a right based upon a statute, and it was her burden throughout to establish that she came within the terms of the statute. The defense that she did not establish a claim for relief under the statute, because she did not show the existence of one of the essential facts required to bring her within the statute, was in no sense an affirmative defense, or one of forfeiture or avoidance. It was comparable to the defense, in ordinary civil actions, that the plaintiff has failed to state a claim upon which relief can be granted, which defense, under CR 12.08, may be made at any time before judgment. Since the defense was one that could be made at any stage of the proceeding, there is no basis for the contention that the employer should be estopped because he did not raise it at the outset.

While the case was in course of preparation before the Workmen's Compensation Board, the employer gave notice to take depositions in Philadelphia and Louisville. The claimant made motion to quash the notice and take by interrogatories. The board was not in session at the time, so the claimant was not able to receive a ruling upon her motion before the days set for taking the depositions. Accordingly, her attorney attended the taking of the depositions, and

later sought to have his fees and expenses charged against the employer, in accordance with the provision of CR 30.02 that allows the court to make orders to protect a party from "annoyance, expense, embarrassment, or oppression." On motion for appeal, the attorney contends the disallowance of this claim was erroneous.

Reliance is had upon a number of Federal Court decisions holding that the court has discretion, in hardship cases, to require the party who wishes to take oral depositions at a distant place, to pay the expenses and fees of the other party's attorney for attending. See Boiczuk v. Baltimore & O. Ry. Co., D.C., 5 F.R.D. 18; Gibson v. International Freighting Corp., D.C., 8 F.R.D. 487, affirmed 3 Cir., 173 F.2d 591; Moore v. George A. Hormel & Co., D.C., 2 F.R.D. 340; Barili v. Bianchi, D.C., 6 F.R.D. 350; see also Barron & Holtzoff, Federal Practice & Procedure, Volume 2, pp. 376, 378.

■■ Assuming, without deciding, that CR 30.02 is applicable in proceedings before the Workmen's Compensation Board, and that the board may exercise the power conferred upon the courts by the rule, we find no authority for the proposition that an attorney may proceed to incur expenses in attending the taking of a deposition, and *later* obtain a court order for allowance of the expenses. We think that orderly procedure requires that the attorney secure a ruling, in advance of the taking of the deposition, as to whether the taking will be conditioned upon the payment of his expenses. If he moves for such a ruling, and is unable to secure action on the motion before the day set for taking the deposition, he may refrain from attending the taking and thereafter move that the deposition be stricken. The court then can pass upon the question of whether attending the taking would have constituted a hardship. The party taking the deposition in such circumstances may be considered as having done so at his peril.

The judgment is affirmed, both on the appeal and on the motion for an appeal; the latter motion being overruled.

HOGG, J., not sitting.

MILLIKEN, Chief Justice (dissenting).

I dissent from the majority opinion because I believe that the employer's failure to file receipts of weekly payments or its voluntary agreement is in violation of the spirit, if not the letter, of KRS 342.050, which provides:

"Except as provided in this chapter, no contract or agreement, written or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this chapter." (See annotations to section.)

To my mind, the failure to file an agreement with the Board is a "device" within the meaning of the statute, and, whether so intended by the employer or not, nevertheless, has the effect of relieving the employer of a potential obligation. I am frank to say that I do not know whether pursuit of this theory would alter the result in the present case, but it at least would open the door for a complete hearing.