Donald Easton TOWE

v.

SINCLAIR REFINING COMPANY.

Civ. No. 11928.

United States District Court
D. Maryland.

Oct. 28, 1960.

James T. Smith, Baltimore, Md., for plaintiff.

Randall C. Coleman, Jr., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

In this civil action, plaintiff's attorney seeks an order requiring defendant to pay him the cost of traveling from Baltimore to Philadelphia and a reasonable attorney's fee for attending the taking of depositions on October 28, 1960, of which plaintiff's attorney has been served with notice by defendant's attorney.

Plaintiff is a resident of Ardmore, Pa. On the voyage out of which this action arose, he obtained his job through a Philadelphia local union and sailed from Marcus Hook, Pa. The alleged injury occurred at sea, en route to Houston, Texas. Plaintiff usually ships out of a Baltimore union hall, and engaged a Baltimore attorney, who filed this action in the District of Maryland. Plaintiff is presently employed at sea as an engineer after a long period of unemployment, and has no substantial funds. The witnesses whose depositions are to be taken live in the Marcus Hook area, just outside of Philadelphia. The distance from Baltimore to Philadelphia where the depositions are to be taken is less than 100 miles.

Rule 30(b), F.R.Civ.P., 28 U.S.C.A., contains no express reference to the question at issue. The district courts have power, either by local rule or by orders in particular cases, to provide for the payment in the first instance of the expense of taking depositions, the ultimate assessment of costs to abide the final disposition of the case. Several districts provide by local rule that if the deposition is to be taken more than a prescribed distance from the courthouse (usually 150 miles) the court may require the party taking the deposition to pay the expenses of the attendance of

the adverse party's counsel, including a reasonable attorney's fee. Moore's Federal Practice, 2 Ed., Vol. 4, p. 2037, sec. 30.14.

There is no such rule in the District of Maryland, and it is not customary in this district for either plaintiffs or defendants to ask for a special order. As in many other districts, such an order is granted only under unusual and impelling circumstances. Moore's Federal Practice, op. cit. p. 2039. It is quite clear that the circumstances of this case do not call for such an order.

I am authorized by Judge CHESNUT and Judge WATKINS to say that they concur in this opinion.