Shirley GANEM, Plaintiff,

v.

Lloyd A. GREENE, Jr., Defendant,

and

Ried SHAHEEN, Third-Party Defendant.

Civ. No. 61–439.

United States District Court
W. D. Pennsylvania.

Aug. 1, 1962.

Ernest G. Nassar, Pittsburgh, Pa., for plaintiff.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

Craig T. Stockdale, of Neely, Will & Stockdale, Pittsburgh, Pa., for third-party defendant.

MARSH, District Judge.

This is a diversity suit against the drivers of two motor vehicles, in one of which the plaintiff was a passenger. The plaintiff filed a complaint against the third-party defendant, alleging that diversity of citizenship exists between them. Plaintiff has noticed the defendant and third-party defendant of the taking of the oral depositions on August 6th and August 8th, 1962, in New Hampshire, of two of her doctors, namely, Dr. Sidney Schohan and Dr. David G. Stahl, for perpetuation of their testimony.

The third-party defendant moves for a protective order under Rule 30(b), Fed. R.Civ.P., 28 U.S.C.A., requesting an advance for expenses of transportation in the sum of $99.11, for maintenance in the sum of $100.00 for four days, i. e., August 5th, 6th, 7th and 8th, and for attorney's fees of $300.00, i. e., $150.00 per day, not including travel time.

The accident occurred on May 27, 1960. Following the accident, plaintiff was hospitalized in Washington, Pennsylvania, and Columbus, Ohio, where she was treated by Dr. Morgan L. Allison, D. D. S., whose report is attached to plaintiff's pretrial statement. Also attached is the report of Dr. Sidney Schohan, D. M. D., of Laconia and Concord, New Hampshire, who examined plaintiff. Dr. David Stahl is not listed by plaintiff as a witness, and no medical report of Dr. Stahl is attached to plaintiff's pretrial statement as required by Local Rule 5–II–C–2(a). In her "List of Damages" plaintiff names Dr. David Stahl and lists his bill in the sum of $23.00. There is no showing, otherwise, of the necessity of Dr. Stahl's testimony. On the present state of the record Dr. Stahl's testimony would not be admissible even if he attended the trial.

 It seems that under Rule 30(b), Fed.R.Civ.P., the court has discretion "to provide for the payment in the first instance of the expense of taking depositions." Moore's Federal Practice, vol. 4, ¶ 30.14, p. 2037. Plaintiff's counsel asserts that the doctors mentioned will not attend the trial in Pittsburgh and since they are beyond the subpoena power of the court, they cannot be compelled to attend. Beyond that statement no evidence was offered or affidavits filed showing the plaintiff's financial circumstances, or the necessity for the oral depositions, or that written interrogatories would not suffice. As mentioned, from the plaintiff's pretrial statement, neither New Hampshire doctor appears to have been a treating doctor; and other than his bill, no reason appears why Dr. Stahl's oral deposition is necessary. On the other hand, it seems that the third-party defendant, if so disposed, could have secured counsel in New Hampshire to represent him at the taking of the depositions.

 As stated by the District Court for the Eastern District of Pennsylvania, sitting en banc, in Gibson v. International Freighting Corporation, 8 F.R.D. 487, 488 (1948):

"Without intending to state a rule upon the subject, it may be said that where one party purposes to take the deposition of a witness at a place far distant from the place of trial, not as discovery but to be offered as evidence in the case, the testimony being for his sole benefit and not sought by the other party, it would ordinarily seem fair that he should bear the cost of taking it. If it appears to the Court that the testimony is of such nature that it warrants the presence at the taking of the deposition of the attorney who is to try the case, it would also seem proper to include the traveling expenses of such attorney."

This case was affirmed on appeal by the Court of Appeals, 3 Cir., 173 F.2d 591.

 In the circumstances, we are of the opinion that if plaintiff desires to

take the oral depositions of the New Hampshire doctors, she shall advance to the attorney for the third-party defendant the cost of transportation in the sum of $99.11 and the estimated cost of maintenance in the sum of $100.00, counsel for the third-party defendant to keep strict account of his out-of-pocket expenses with supporting vouchers, submit an account to plaintiff, and refund any unexpended remainder. No counsel fees shall be allowed for the oral deposition of Dr. Schohan. Counsel fees in the sum of $150.00 shall be allowed for the oral deposition of Dr. Stahl.

An appropriate order will be entered.