441 P.2d 68

**STATE of Arizona, Arizona Highway Commission, Petitioners,**

v.

**T. J. MAHONEY, Judge of the Superior Court, In and For the County of Pinal, Respondent.**

No. 9198.

Supreme Court of Arizona.

In Banc.

May 15, 1968.

Darrell F. Smith, Atty. Gen., Peter C. Gulatto, Asst. Atty. Gen., for petitioners.

Fennemore, Craig, von Ammon, McClennen & Udall, by Silas H. Schultz, Phoenix, for respondent.

BERNSTEIN, Justice.

This case came to us on February 1, 1968, on a petition by the Arizona Highway Commission for a Writ of Prohibition. On February 6, 1968, we entered an order granting a peremptory Writ of Prohibition with a written opinion to follow.

On January 30, 1968, petitioners, defendants below, filed notices to depose two of their own witnesses; one in California and one in Oregon. The depositions were to be taken on February 1, and February 2, 1968, and were to be used as testimony at the trial since the witnesses were outside the jurisdiction of the court. On January 31, 1968, the attorney for the plaintiff below, after giving oral notice to the petitioner, sought

a protective order from Judge Mahoney under Rule 30(c), Rules of Civil Procedure, 16 A.R.S. Plaintiff's attorney asked that the oral depositions be precluded unless he was paid reasonable attorney's fees and travel expenses in advance so that he could be present at the taking of the depositions. The court entered an order requiring the state to pay plaintiff's attorney $75 per day as reasonable attorney's fees plus travel expenses.

Rule 30(c), Rules of Civil Procedure, 16 A.R.S., provides as follows:

"30(c) Orders for the protection of parties and deponents. After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. *The court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression.*" (Emphasis added.)

The language emphasized above is sufficiently broad to encompass almost any type of order. The issue is whether an order requiring prepayment of attorney's fees and traveling expenses is permissible under this rule. Professor Moore states:

"While Rule 30(b) [Ariz. Rule 30(c)] contains no express reference to the matter, it is *well settled* that the district courts have power, either by local rule or by orders in particular cases, to provide for the payment *in the first instance* of the expense of taking depositions." 4 Moore, Federal Practice ¶ 30.14 at 2090 (2d ed. 1967) (Emphasis added.)

This principle was most dramatically pronounced in Gibson v. International Freighting Corp., 8 F.R.D. 487 (E.D.Penn.1949), aff'd, 173 F.2d 591 (3d Cir. 1949). The facts of that case were similar to the case at bar. Plaintiff's counsel sought to recover traveling expenses incurred in his trip from Philadelphia to Chicago to be present at the taking of a deposition of an important defense witness. The deposition was taken on defendant's behalf to be used as testimony at the trial, and not for the purpose of discovery.

The court stated:

"It was therefore desirable that the plaintiff be represented by counsel at its taking. The question raised by this motion presents a matter peculiarly within the *discretion* of the Court and the Court is of the opinion that, under the circumstances of this particular case, the expenses of plaintiff's counsel should be paid by the defendant." 8 F.R.D. at 488 (Emphasis added.)

The court further stated:

"Without intending to state a rule upon the subject, it may be said that where one party proposes to take the deposition of a witness at a place far distant from the place of trial, not as discovery but to be offered as evidence in the case, the testimony being for his sole benefit and not sought by the other party, it would ordinarily seem fair that he should bear the cost of taking it. If it appears to the Court that the testimony is of such a nature that it warrants the presence at the taking of the deposition of the attorney who is to try the case, it would also seem proper to include the traveling expenses of such attorney." 8 F.R.D. at 488.

Indeed, the Arizona Supreme Court as early as 1943 stated in Young's Market Co. v. Laue, 60 Ariz. 512, 517, 141 P.2d 522, 524:

"In this case the deposition was taken on oral examination, and not upon written interrogatories, and in a foreign jurisdiction. It was absolutely essential that the defendant's Arizona attorney be present at the taking of such deposition to protect his client's interests. It seems to us the expenses of the trip to Los Angeles were legitimate costs in taking the deposition of Koch and that they should be allowed. See White v. Frye, 27 Ariz. 447, 234 P. 34 * * *."

In the Young's case the deposition was to be used by plaintiff as testimony at the trial. However, it should be noted that the decision in that case dealt only with the question of whether the defendant, who prevailed at the trial, should receive as ultimate costs the expenses of his trip.

■■ As we see it, under Rule 30(c) the trial court in the case at bar acted within its sound discretion in requiring the defendant to pay in advance the traveling expenses of plaintiff's attorney in attending the taking of these depositions. Fairness is the test. By the proposed depositions, the defendant will avoid the expense of bringing its witnesses from California and Oregon to testify at the trial of the cause here. If, instead of producing the witnesses in person at the trial, the defendant chooses to utilize depositions in order to avail itself of the witnesses' testimony, it seems fair that the defendant should, initially at least, bear the cost of taking the plaintiff's attorney to the witnesses. It would be unfair to require plaintiff's attorney to conduct his cross-examination by written interrogatories and would deprive him of an equal opportunity to encounter the witnesses in person. Gibson v. International Freighting Corp., supra.

■■ Of course, this does not affect the court's power in the last analysis to tax as costs the amount paid to the plaintiff by the defendant as traveling expenses if the defendant should prevail at the trial. See

4 Moore, Federal Practice ¶ 30.14 at 2097 (2d ed. 1967); Young's Market Co. v. Laue, supra.

We granted a peremptory Writ of Prohibition because the trial court also conditioned the taking of the oral depositions on the payment of $75 per day as attorney's fees to the plaintiff. This, in our opinion, was in excess of its jurisdiction.

■■ We have consistently held that attorney's fees are not recoverable in an action unless provided for by contract or statute. Commercial Standard Insurance Co. v. Cleveland, 86 Ariz. 288, 345 P.2d 210; United States Fidelity & Guaranty Co. v. Frohmiller, 71 Ariz. 377, 227 P.2d 1007; Stapley Co. v. Rogers, 25 Ariz. 308, 216 P. 1072. Although we are aware of cases to the contrary, it is the settled law of this jurisdiction that the trial court had no discretion under Rule 30(c) to require as a condition of taking a deposition that the defendant pay in advance attorney's fees to the plaintiff. Attorneys must anticipate that their fees will be borne by their clients. For this reason that part of the protective order requiring the payment of attorney's fees was improper.

■■ In his response to the petition for a Writ of Prohibition the trial judge amended his order to allow the defendant the alternative of taking the depositions on written interrogatories. Petitioner claims that no state appropriation has been made for either the payment of attorney's fees or traveling expenses. If no appropriation exists then it is true that no money can be paid from the state treasury. See, e. g., McDougall v. Frohmiller, 61 Ariz. 395, 150 P.2d 89. Under such circumstances the petitioner will have to content itself with depositions on written interrogatories.

The peremptory Writ of Prohibition is made permanent.

McFARLAND, C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

NOTE: Vice Chief Justice UDALL having disqualified himself, did not participate in the determination of this case.