**Floyd MEREDITH, Plaintiff,**

v.

**Robert T. GAVIN et al., Defendants.**

**Civ. A. No. 18261-3.**

United States District Court,
W. D. Missouri, W. D.

Aug. 31, 1970.

Lawrence R. Magee, Kansas City, Mo., for plaintiff.

William H. Sanders, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR TRAVEL COSTS AND EXPENSES AND GRANTING EXTENSION OF TIME IN WHICH TO COMPLETE DISCOVERY

BECKER, Chief Judge.

This is an action under the provisions of Section 2510 et seq., Title 18, U.S.C., and specifically under Section 2520 of the same title granting a cause of action

against any person who "intercepts, discloses or uses, or procures any other person to intercept, disclose, or use such communications" by the person whose oral or wire communication is intercepted. In the complaint, it is alleged that plaintiff made a claim for benefits under the industrial injury laws of the State of Missouri in which defendant New Hampshire Insurance Company was an adverse party to plaintiff, and that defendant Gavin intercepted an oral communication of plaintiff and did so by wiretapping and testified in the state proceeding "in an effort to impeach plaintiff's testimony in that action," and that in doing so, he acted as agent for the New Hampshire Insurance Company, the other named defendant herein. Plaintiff therefore demands $1,000 in actual damages and $100,000 in punitive damages and his attorneys' fees and costs herein expended.

■■ On August 26, 1970, plaintiff filed his "motion for travel costs and expenses," stating that the defendants had served notice upon him on August 24, 1970, regarding the taking of the deposition of G. Robert Blakey, in Washington, D. C., on August 28, 1970; stating that he was unable to pay his attorney's travel and per diem expenses to Washington, D. C., and requesting to be provided with the expenses to defray his attorney's trip to Washington, D. C., under the provisions of Rule 26(b) (4) (C) of the Federal Rules of Civil Procedure. That rule provides that "with respect to discovery obtained under subdivision (b) (4) (B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert." In turn, Rule 26(b) (4) (B) provides for the obtaining of discovery from an expert who will not testify at trial, as pertinent in this case, only "upon a showing of exceptional circumstances under which it is impracticable

for the party seeking discovery to obtain facts or opinions on the same subject by other means." Defendants have made no showing of exceptional circumstances, but plaintiff has not applied for any protective order under Rule 26(c), F.R.Civ.P. In their request for an extension of time in which to complete discovery, which is taken up below, defendants state that they are taking the deposition of G. Robert Blakey as the draftsman of the statute herein sued upon for the purpose of showing that "Section 18 USC 2511(2) (d) was discussed by Mr. Blakey with the staff of Senator Hart and Senator McClellan and that they agreed that there should be some flexibility in a defensive situation where a recording was made and where there would be no violation of the law so that a person would not be subjected to a civil suit if the recording was made for defensive purposes." It thus appears that Mr. Blakey, for the purposes of this motion, fits the description in the applicable rule of an expert who will not testify at trial and that Rule 26(b) (4) (C) may apply, although it is not stated that he is an expert "who has been retained or specially employed by another party in anticipation of litigation" as defined in Rule 26(b) (4) (B). Defendants therefore oppose the award of expenses, stating that "Rule 26 says nothing about paying the expenses of any party's attorney for attending the deposition of an expert witness." Subsection (c) of Rule 26, however, empowers the Court to "make any order which justice requires to protect a party or person from * * * undue burden or expense, including one or more of the following * * * (2) that the discovery may be had only on specified terms and conditions * * *." Therefore, the motion of the plaintiff for his attorney's travel costs and expenses will be granted. It is deemed that exceptional circumstances are shown by the motions and pleadings in this cause which would work a hardship on plaintiff if he were unable to be represented

by his attorney at the deposition of Mr. Blakey or otherwise discover his expert opinions. Furthermore, the presence of his attorney at the deposition will obviate the possible necessity of future discovery under Rule 26, F.R.Civ.P., and this is an important consideration because the case will soon be tried.

Defendants next state that "plaintiff should at least present facts and figures to this Court" concerning his limited means. But much of the opportunity for marshaling such figures has been lost because defendants gave such short notice for the taking of the deposition. They do not deny plaintiff's averment of his limited finances. They complain that "plaintiff now asks that defendants pay for the privilege of being sued." But the deposition of Mr. Blakey is sought by defendants to be taken at the very end of the discovery period, which would foreclose plaintiff from obtaining needed information if he did not attend the deposition. Defendants further propose to take the deposition at a distant place, without denying that plaintiff has limited resources which would not permit his paying his attorney's expenses to that city. The motion will therefore be granted.

The parties also move for an extension of time in which to complete discovery, stating that the deposition of Mr. Blakey is apt, because of his busy schedule, to be set over from September 1, 1970, the date on which discovery is currently scheduled to close. The parties request ten days. Under the orders currently in effect, lists of witnesses and exhibits are to be filed on or before September 6, 1970; a stipulation of uncontroverted facts is to be filed on or before September 11, 1970; and Standard Pretrial Order No. 2 is to be filed on September 16, 1970. In view of the forthcoming trial of this case, these dates will not be changed. But discovery will be extended by 10 days, as the parties request, in order that the deposition of

Mr. G. Robert Blakey may be taken. It is therefore

Ordered that plaintiff's motion for travel and other expenses be, and it is hereby, granted, in the amount of $200 which is found to be the reasonable expenses of the attorney's trip to Washington, D. C. for the purposes of this deposition. It is further

Ordered that the time for discovery be, and it is hereby, extended to and including September 11, 1970, for the purpose of taking the deposition of G. Robert Blakey only, and that all the other dates currently in effect for compliance with Standard Pretrial Order No. 1 remain in full force and effect.