**FALCON COAL COMPANY et al.,**
**Appellants,**

v.

**Mary SWEET, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 8, 1974.

Rehearing Denied Feb. 21, 1975.

Craft, Barret, Haynes & Ward, Hazard, Robert D. Hawkins, Special Fund, Dept. of Labor, Frankfort, for appellants.

M. B. Fields, Hazard, for appellees.

PALMORE, Justice.

On August 1, 1972, George Sweet filed a workmen's compensation claim alleging that he had become disabled from silicosis or coal workers' pneumoconiosis on June 3, 1972, while employed by the appellant Falcon Coal Company. He died on September 14, 1972, after having completed his proof but before the case was submitted for decision. By permission of the Board his widow, Mary Sweet, revived the claim in behalf of herself and two dependent minor children and introduced the necessary proof of dependency. Later on she filed a copy of an order showing her appointment as administratrix of her husband's estate, but we find no order of the Board making her a party in that capacity.

The cause of death, as found by the Board, was lung cancer. According to the medical testimony, at the time Sweet was examined prior to the filing of his claim he was irreversibly disabled from pneumoconiosis and also from the malignant condition. There was no evidence to the contrary.

The Board found that Sweet died as the result of lung cancer and that the dependents had failed to sustain the burden of proving that pneumoconiosis was a contributing cause. Oddly enough, however, without finding that before his death he had been disabled from pneumoconiosis the Board awarded Mrs. Sweet, in her capacity as administratrix, maximum benefits from June 3, 1972, until September 14, 1972.

Upon appeal by the dependents the circuit court adjudged that under KRS 342.111 they were entitled to a continuation of benefits that would otherwise have been payable to Sweet had he lived. The employer and Special Fund appeal, contending that KRS 342.111 does not apply unless an award has been made prior to the claimant's death.

On its face, KRS 342.111 applies only when the employe "has been awarded disability compensation by the workmen's compensation board," in which event the cause of subsequent death becomes immaterial. Cf. Adkins v. International Harvester Company, Ky., 286 S.W.2d 528 (1956), in which the deceased employe had been receiving voluntary payments without a Board-approved agreement and had not filed a claim.

The Board in this case relied upon KRS 342.316(6), which says that when disability or death from pneumoconiosis is complicated with other pulmonary disease or dys-

function and there has been sufficient employment exposure to hazards reasonably competent to produce the accompanying condition there is a rebuttable presumption that all of the disability is work-related. Evidently, that is, the view of the Board was that there was no proof of the primary requirement that the death resulted in whole or in part from pneumoconiosis.

Had the claim been filed after the death, no doubt KRS 342.316(6) would have been applicable. However, subsection (5) of that statute provides "that in case of death where the employe has been awarded compensation *or made timely claim* within the period provided for in this section, an employe has suffered continuous disability to the date of his death occurring at any time within ten (10) years from the date of disability, his dependents, if any, shall be awarded compensation for his death as provided for under the general provisions of the workmen's compensation act and in this section." (Emphasis added.)

█ We construe the foregoing provision as extending to a timely claim arising from an occupational disease the same status as an award, thus invoking the protection of KRS 342.111 if the employe dies after having filed the claim and if the claim proves to be meritorious.

█ Although the Board did not specifically find that Sweet had been totally and permanently disabled from pneumoconiosis, its award of maximum benefits during the remainder of his life for a condition shown without contradiction to be incurable and irreversible necessarily implies it.

The judgment is affirmed.

All concur.