STATE of Missouri ex rel. CITY OF MAPLEWOOD, Relator,

v.

Hon. William H. CRANDALL, Jr., Respondent.

No. 39401.

Missouri Court of Appeals, St. Louis District, Division Three.

July 5, 1978.

Jack C. Harper, Dennis A. Buchheit, Clayton, for relator.

Daniel V. O'Brien and Robert A. Cuiffa, St. Louis, for respondent.

GUNN, Presiding Judge.

Petitioner City of Maplewood seeks prohibition to prohibit the respondent trial court from enjoining the enforcement of a municipal ordinance as it would apply to its chief of police, Carl Porter. We issued our preliminary writ of prohibition, which, for reasons stated, we now dissolve.

In 1975, Maplewood adopted Ordinance No. 3820 providing tenure for all city department heads, including the chief of police, having worked for the city more than ten years. Specifically, Ordinance No. 3820 as it pertained to the chief of police provided:

> "Any person that has been an employee of the City for more than ten years and has been appointed to the Office of Chief of Police . . . shall be deemed to have held the rank of Major in said department, and upon termination of his status of Chief, if still available for service and not terminated, for conduct a violation of law and amounting to moral turpitude shall revert to the rank of Major and shall receive tenure as Major under Civil Service during the period he serves as Chief. Any employee reverting to the rank of Major shall be paid an annual salary that shall be at least that of the rank next below that of Major. . . ."

Porter, who apparently had more than ten years of service with Maplewood,[1] had been appointed chief of police in 1969 and reappointed in 1973. After Maplewood's 1977 municipal elections, he was not reappointed as chief.

---

1. The record is sketchy, but averments that Porter had worked for Maplewood for eighteen years have not been challenged.

On April 25, 1977, Maplewood adopted Ordinance No. 3873 purporting to repeal the tenure ordinance—No. 3820. At the same time, Porter was not reappointed as chief of police, and his employment with the police department was involuntarily terminated. Porter then petitioned the respondent trial court "For Injunctive Relief and for a Temporary Restraining Order" declaring Ordinance No. 3873 (the tenure repealer) void, and restraining Maplewood from interfering with his employment and paying him at a police major's rate of pay. Respondent issued a temporary restraining order granting the relief Porter had sought and reinstating him as chief of police until hearing on a "temporary injunction" could be held. After hearing, the respondent trial court issued its order dissolving the temporary restraining order and providing that, pending hearing on a permanent injunction, Porter would revert to the rank of major and that Maplewood be enjoined from enforcing the tenure repealer ordinance. Maplewood's petition for prohibition followed charging that respondent had exceeded its jurisdiction in the following regards: (1) by trying title to a public office in an equitable proceeding; (2) by usurping the executive powers of appointment of municipal officials; (3) by bypassing the procedures of Rule 100 pertaining to administrative review by prematurely reviewing the City Council's action before an order subject to circuit court review had been issued.

▪ 1. We find that, contrary to Maplewood's contention, respondent's order does not try title to public office. Although the temporary restraining order initially issued by respondent would restrain Maplewood from interfering with Porter's position as police chief, the order was dissolved and is no longer in effect. It was replaced by an order entitled "Temporary Injunction" which does not interfere with Maplewood's termination of Porter as police chief. The new order merely restrains Maplewood from enforcing the tenure repealing ordinance against Porter, and we do not construe it as trying title to public office.

▪ 2. Prohibition is the proper remedy to prevent a lower court from acting in excess of its jurisdiction. *State ex rel. St. Louis County v. Stussie*, 556 S.W.2d 186 (Mo. banc 1977); *State ex rel. O'Connell v. Crandall*, 562 S.W.2d 746 (Mo.App.1978). But it is the relator Maplewood's burden of proof to establish that the trial court has exceeded its jurisdiction. *State ex rel. Allen v. Yeaman*, 440 S.W.2d 138 (Mo.App. 1969); *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757 (Mo.App.1960). We find that Maplewood has failed to carry its burden. A trial court has jurisdiction to interfere with the enforcement of an invalid ordinance where injury to property rights would be irreparable. See *State ex rel. Cervantes v. Bloom*, 485 S.W.2d 446 (Mo. App.1972). Further, there is a presumption of right action on the part of the trial court and that it is acting within its jurisdiction. *State ex rel. Cummings v. Witthaus*, 358 Mo. 1088, 219 S.W.2d 383 (banc 1949); *State ex rel. Allen v. Yeaman*, supra. In this case, the validity of the tenure repealing ordinance was at issue before the respondent trial court, and enforcement of that ordinance as it related to Porter was enjoined—at least temporarily. The record contains no copy of the tenure repealing ordinance—Ordinance No. 3873—and we do not take judicial notice of it. *Feely v. Birenbaum*, 554 S.W.2d 432 (Mo.App.1977). We have nothing before us which permits us to determine whether the respondent trial court has exceeded its jurisdiction in refusing to allow enforcement of the tenure ordinance. Applying the rule of presumption that the trial court has acted correctly and within its jurisdiction, we have had nothing presented which permits us to disturb that presumption. Certainly, without the tenure repealer as a part of the record, we could not find that the respondent would be acting outside its jurisdiction in interfering with the enforcement of an invalid ordinance. We have no way of determining whether the ordinance would be valid or invalid.

▪ 3. Finally, we do not view respondent's action as a review of the City Council's decision which would require applica-

tion of administrative review procedures. The validity of the tenure repealing ordinance has been challenged by Porter. By its "temporary injunction" the trial court has enjoined the enforcement of the challenged ordinance until complete hearing can be held to determine its validity. By so doing the respondent court has not exceeded its jurisdiction. The administrative review procedures are not applicable.

The preliminary writ of prohibition is quashed.

WEIER and KELLY, JJ., concur.