STATE of Missouri, ex rel. VANDER-
POOL FEED & SUPPLY CO.,
INC., Relator,

v.

The Honorable Charles H. SLOAN, Judge of Division 3 of the Eighth Judicial Circuit of Missouri, Ray County, Missouri, Respondent.

No. WD32888.

Missouri Court of Appeals,
Western District.

Feb. 2, 1982.

Roger M. Driskill, Richmond, for relator.

Larry D. Harman, Aaron L. Love, Liberty, for respondent.

Before SOMERVILLE, C. J., and SHANGLER, PRITCHARD, WASSERSTROM, TURNAGE, CLARK and KENNEDY, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

WASSERSTROM, Judge.

Vanderpool Feed & Supply Co., Inc. ("Vanderpool") is the plaintiff in the case Vanderpool Feed and Supply Co., Inc. v. Taylor, et al., pending before The Honorable Charles H. Sloan, Circuit Judge of Ray County. Vanderpool gave notice of the taking of depositions of Jim C. Colwell in Tulsa, Oklahoma, and of Mark Hill in Dallas, Texas. Defendants Taylor then sought a protective order under Rule 56.01(c) asking either an order staying the taking of the depositions or in the alternative that the depositions be permitted only on condition that Vanderpool pay the fees and expenses of Taylors' attorneys incidental to attending the depositions. Judge Sloan held a hearing on the motion and announced his intention to enter an order conditioning the taking of the depositions upon Vanderpool's supplying airplane tickets to Taylors' attorney to the places of deposition and return plus $200 per diem expenses. Vanderpool thereupon filed petition in this court for a Writ of Prohibition to prevent entry of that protective order.

The question as to whether or not a trial court has authority under Rule 56[1] to condition the taking of a deposition upon the payment of the opponent's attorneys' costs of attending has never been ruled in Missouri. However, it is well settled under the parallel federal rule and under similar procedural rules in other states that the trial court does have such power. 8 Wright & Miller, Federal Practice and Procedure 412, Section 2112 (1970); Annot., 70 A.L.R.2d 685, 760 (1960); *Gibson v. International Freighting Corporation*, 8 F.R.D. 487 (E.D. Pa.1947), affirmed, 173 F.2d 591 (3d Cir. 1949); *Ganem v. Greene*, 31 F.R.D. 175 (W.D.Pa.1962); *Moore v. George A. Hormel & Co.*, 4 F.R.D. 15 (S.D.N.Y.1942); *Meredith v. Gavin*, 51 F.R.D. 5 (W.D.Mo.1970); *Nagle v. United States Lines Co.*, 242 F.Supp. 800 (E.D.Va.1965); *Madison v. Travelers Insurance Company*, 308 So.2d 784 (La.1975); *Adkins v. International Harvester Company*, 286 S.W.2d 528 (Ky.1956); *State of Arizona v. Mahoney*, 103 Ariz. 308, 441 P.2d 68 (1968).

The leading case on the subject is *Gibson v. International Freighting Corporation, supra*, where a four judge district court held that the taking of a deposition at a place far distant from the place of trial, not as discovery but to be offered as evidence in the case, would be subjected to the condition that the deposing party pay the travel expense of the opponent's attorney. On appeal, the appellate court held: "We think that under the quoted rule this matter was

---

1. Rule 56.01(c) provides as follows:

"Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

. . . .

(2) that the discovery may be had only on specified terms and conditions. . . . "

well within the discretion of the court below." [2]

Other cases have gone beyond *Gibson* by allowing attorneys' fees as well as per diem expenses of the attorney. *Ganem v. Greene, supra; Moore v. George A. Hormel & Co., supra; Nagle v. United States Lines Co., supra.* However, *State of Arizona v. Mahoney, supra,* expressly rules that while the trial court may order the party taking the deposition to pay the expenses incurred by his adversary's attorney attending the deposition, the court has no discretion to order the payment of attorney's fees. See also *Nagle v. United States Lines Co., supra,* holding that "it is generally sufficient to make an allowance of travel expense and reasonable subsistence without an attorney's fee."

■ In many other situations where Missouri has modeled a rule of civil procedure upon a similar federal rule, the Missouri courts have considered as a persuasive guide the construction placed upon the rule by the federal courts. *Kingsley v. Burack,* 536 S.W.2d 7 (Mo.banc 1976); *State ex rel. Kincannon v. Schoenlaub,* 521 S.W.2d 391 (Mo.banc 1975); *Bauldin v. Barton County Mut. Ins. Co.,* 606 S.W.2d 444 (Mo.App. 1980); *State ex rel. Litton Bus. Sys., Inc. v. Bondurant,* 523 S.W.2d 587 (Mo.App.1975). That respect should be accorded here. Accordingly, we hold that under Rule 56.01(c), the trial court does have discretion to condition the taking of a deposition upon the party taking the deposition paying the adversary the necessary travel expenses for his attorney to attend the deposition. We need not and do not decide at this time whether that discretion extends to the allowance of an attorney's fee in addition to the travel expenses. This is for the reason that Judge Sloan stated in a docket entry that the allowance would be "$200.00 per diem" and the proposed formal judgment entry contains a finding that "a reasonable per diem expense would be in the amount of Two Hundred & No/100 Dollars ($200.00) for each day or part of a day." This is in contrast to Taylors' motion which asked for "expense money and attorney fees." Judge Sloan's order should be read as allowing only expenses, with no provision for attorney fees.

Having determined that the trial judge has a discretion as to whether these expenses should be allowed as a condition to taking the depositions, the next question ordinarily would be whether the circumstances of this case warranted such allowance. However, Vanderpool does not claim that the facts are insufficient, but rather has limited itself to the contention that the trial judge has no authority at all in any case to impose such a condition. Concommitant to that position, Vanderpool has not supplied us with a transcript of the hearing on this matter before Judge Sloan, or even a statement as to the nature and extent of the evidence there presented or matters conceded or matters of which judicial notice was taken. In the absence of any record or agreement concerning the trial proceeding in this regard, there is nothing in which to root a decision concerning the adequacy of the evidence to justify the order, and this court is left with no basis upon which to prohibit that order.

■ There can be no doubt but that Taylors had the burden, as movants, to demonstrate to the trial court facts sufficient to justify making the allowance in question. Indeed, the burden was heavy to show cause for departure from the usual and customary rule that each party should bear its own expenses of litigation. But after the trial court entered its order, Vanderpool initiated the present prohibition proceeding, thereby bringing a new and different rule into operation. In this prohibition proceeding, the burden is on Vanderpool as the petitioning party to show that Judge Sloan exceeded his jurisdiction, and that burden includes overcoming the presumption of right action in favor of Judge Sloan's ruling. *State ex rel. Headrick v. Bailey,* 278 S.W.2d 737 (Mo.banc 1955); *State ex rel. City of Maplewood v. Crandall,*

---

**2.** Certain later cases have allowed the expenses even though the deposition is taken primarily for discovery. *Meredith v. Gavin, supra; Nagle v. United States Lines Co., supra.*

569 S.W.2d 338 (Mo.App.1978); *State ex rel. Allen v. Yeaman*, 440 S.W.2d 138 (Mo.App. 1969); *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757 (Mo.App.1960). In the absence of any showing to the contrary by Vanderpool, the presumption of right action by Judge Sloan under the above cases controls. *State ex rel. City of Maplewood v. Crandall, supra; State ex rel. Boswell v. Curtis, supra.*

*Stogsdill v. General Am. Life Ins. Co.*, 541 S.W.2d 696 (Mo.App.1976), heavily relied upon by Vanderpool, is distinguishable. In *Stogsdill*, the defendant had noticed a deposition of a certain witness on two previous occasions, but each time had canceled the deposition in advance of the scheduled date. Upon receiving a third notice scheduling deposition of this witness, the plaintiff objected. The court ordered the deposition to proceed, but provided for counsel expenses to be taxed as costs to the extent of $200 out of pocket expenses and $200 for the attorney's time.

On appeal, the plaintiff attempted to justify that order under Rules 57.03(h)(1) and 61.01(f). The appellate court held those rules to be inapposite for the reason that on each of the two occasions in which the deposition was canceled, plaintiff's attorneys were notified in advance, so that they were not forced to attend a deposition at which the other party failed to appear.

The court went on to discuss Section 492.-590, RSMo 1969 (now RSMo 1978) which it held to be the relevant statute. That statute deals with the taxation as costs of expenses of depositions. The court held that: "This statute limits costs and expenses of taking depositions to those enumerated— none of which could be construed as encompassing attorney's fees." In the present case Judge Sloan did not attempt to tax the attorney expense as costs under Section 492.590. Neither did he purport to act under the authority of either Rule 57 or Rule 61. Rather the authority here rests on Rule 56 which was in no way in issue or discussed in *Stogsdill*.

A motion has been filed by defendants Taylor on behalf of Judge Sloan to dismiss this proceeding on the ground that Vanderpool's brief fails to comply with Rule 84.04. The foregoing disposition of this case on the merits renders it unnecessary to rule on that motion.

The preliminary rule in prohibition is quashed.

TURNAGE and KENNEDY, JJ., concur.

CLARK, J., concurs in separate opinion filed.

SHANGLER, J., concurs in the separate concurring opinion of CLARK, J.

PRITCHARD, J., dissents in separate opinion filed.

SOMERVILLE, J., concurs in separate dissenting opinion of PRITCHARD, J.

CLARK, Judge, concurring in result.

The majority opinion notes the absence of any reported Missouri cases confirming the authority of a trial court to condition the taking of a deposition at a distant location on advance payment of an opponent's expenses. The opinion then proceeds to hold, by analogy to a comparable federal rule and cases applying and construing the rule, that Missouri courts have like authority. In my view, recourse to federal rules and decisions is unnecessary and may be counter-productive because, as in most situations of judicial discretion, the facts and circumstances of each case are paramount. The language of Rule 56.01(c) granting the trial court authority to enter protective orders in discovery matters for the purpose of guarding against undue burden or expense is sufficiently plain that judicial affirmance of the power in this case is unnecessary.

The sole issue in this or any other like case is whether the authority of the trial court has been abusively exercised. The determination of that question depends on the facts of the case, having in view the presumption of right action by the trial court and the burden upon the opponent to show otherwise. *State ex rel. Eggers v. Enright*, 609 S.W.2d 381, 382 (Mo.banc 1980); *State ex rel. Thomasville Wood*

*Products, Inc. v. Buford,* 512 S.W.2d 220, 221 (Mo.App.1974).

As the majority opinion correctly notes, Vanderpool, the moving party in the cause, has alleged only that defendant judge has exceeded his authority by indicating his intention to order payment of expenses for attendance at depositions in Tulsa and Dallas. No record whatever has been provided upon which this court may review the discretionary action of the trial judge, much less interfere with his conduct of the case. It is therefore unnecessary to indulge here any discussion or debate upon the authority of trial judges generally to impose conditions under Rule 56.01(c) where evidentiary depositions are scheduled at locations removed from the point of trial. That discussion should await a case with an adequate factual record. The present case is more appropriately decided on the ground that Vanderpool has failed to carry its burden.[1]

The dissenting opinion would solve the factual hiatus by coming to the aid of Vanderpool and ordering a transcript of the proceedings before the trial court. Apart from the absence of precedent for this procedure in a case of an extraordinary remedy, the assumption that such a record exists or could be produced finds no support in the material now before this court. The trial judge's docket sheet exhibited with the petition shows only the filing of the motion for protective order with suggestions, the appearance of respective counsel for argument and the court's finding based on the arguments and the record. Common experience is that arguments on motions of this type are seldom reported, much less transcribed, and even were we to have a record of the argument, such would be of dubious value in review of discretionary action.

In my opinion, this case should be ruled by order based on the failure of Vanderpool to demonstrate that the trial judge had exceeded his jurisdiction in entering the Rule 56.01(c) protective order. It is beyond the scope of this record to decide when and under what circumstances attendance expenses and fees may be ordered paid to an opponent before a deposition may be scheduled at a location removed from the situs of trial.

I concur in quashal of the preliminary rule but on this limited ground.

PRITCHARD, Judge, dissenting.

The majority opinion rests principally upon relator's failure to supply this court with a transcript of the hearing held by respondent upon the motion of defendant for a protective order. Although relator may be held to be remiss in failing to attach to its petition a copy of any record made as required by Rule 97.03, this matter is of such great importance to the bench and the bar as one of first impression that this court should exercise its prerogative to order that transcript to be filed. This may be done under Rule 97.01, which provides that in all particulars not provided for by Rules 84.22 to 84.26, "proceedings in prohibition shall be governed by and conform to the rules of civil procedure and the existing rules of general law upon the subject and the court may, by order, direct the form of such further details of procedure as may be necessary to the orderly course of the action or to give effect to the remedy." One other such rule is 81.12 relating to the power of an appellate court to order that the record be supplemented in cases of direct appeal.

The "presumption of right action" of a trial court mentioned in the majority opinion should not be applied in this case where "protective order" Rule 56.01(c) is being invoked for the first time in this state for the allowance of airline transportation tickets and $200.00 per diem expenses for the attendance of counsel for opposing parties, *absent* some evidence to support a finding of "annoyance, embarrassment, oppression or undue burden or expense" to the opposing party. Rather, this court should deter-

---

1. In this connection, it is significant to note that counsel for Vanderpool failed to appear at oral argument and was thus unavailable to respond to inquiry as to briefing assertions that its prior suit on the same subject matter was dismissed on the eve of trial after deposition expenses had been fruitlessly incurred.

mine for itself whether a factual basis exists for the issuance of a protective order concerning these requested transportation and expense allowances which would be chargeable to the party seeking depositions. Of course, if there exists no factual basis for the protective order, the preliminary rule issued herein should be made absolute.

It is not so well settled under the parallel federal rule and similar rules in other states that trial courts have [absolute] power to condition the taking of a deposition upon the payment of the opponent's costs of attending it, as stated in the principal opinion. Even the cited authority, 8 Wright and Miller, Federal Practice § 2112, states: "Some district courts have adopted a local rule to the effect that if the examination is to be held more than a certain distance from the court, the court may require the applicant to pay the expense of the attendance of his adversary's attorney, including a reasonable counsel fee, such payment *to be taxable disbursement in the event the applicant recovers costs of the action. In other districts a rule of this type is not followed and an order for payment of expenses will be made only under unusual and impelling circumstances.*" [Emphasis supplied.] Of course, there is no local rule to that effect in this case, but it should not be assumed that one could be adopted because it might infringe upon the Supreme Court's rule-making power. The order here requires that payment be made prior to the taking of the depositions and is not further conditioned upon who might be the prevailing party in the case as a "taxable disbursement" for any allowable costs, *if*, in fact, they are allowable costs. What is of further importance in the above Wright and Miller quote is that "an order for payment of expenses will be made only under unusual and impelling circumstances." That requirement runs through a majority of the cases deciding the propriety of an order allowing deposition attendance expenses to an opposite party in the light of an exercise of a trial court's discretion. See, e.g., *Madison v. Travelers Insurance Co.*, 308 So.2d 784 (La.1975), cited in the majority opinion, holding that such an order must be based upon reasonableness and good cause; *Towe v. Sinclair Refining Co.*, 188 F.Supp. 222, 223 (D.Md.1960), noting Moore Federal Practice, 2d Ed., Vol. 4, p. 2037, Sec. 30.14, holding, "There is no such [local] rule in the District of Maryland, and it is not customary in this district to ask for a special order. As in many other districts, such an order is granted only under unusual and impelling circumstances."; accord, *Weeks v. Baltimore & O.R. Co.*, 5 F.R.D. 17 (E.D.Pa.1945); *Adkins v. International Harvester Company*, 286 S.W.2d 528 (Ky.1956), also cited in the majority opinion, is not strictly applicable because claimant's attorney attended depositions after the employer's notice to take them and thereafter sought fees and expenses from the employer, which the court denied, saying the attorney should have sought a ruling in advance of the deposition so the court could determine whether attending would have constituted a hardship [thus implying that an evidentiary hearing was required on that issue]; *Orth v. Bauer*, 163 Colo. 136, 429 P.2d 279 (1967), held it was within the trial court's discretion to refuse travel and attorney expenses under the rule of civil procedure, so also in *Vorthman v. Keith E. Myers Enterprises*, 296 N.W.2d 772, 779[18] (Iowa 1980).

It has been a well known common practice in this state, where an opposing attorney deems it necessary that attendance be had at the taking of either a domestic or foreign jurisdiction, to arrange for local counsel to be present for protecting the record or for eliciting testimony from the deponent. The matter of necessity of being present is one element a trial court must determine as well as the other factors of Rule 56.01(c).

What the plaintiff Vanderpool is apparently seeking in its underlying claim for $79,707.61 as payment for gasoline and other products sold to defendants, a not insubstantial amount, is proof of its claim by the subpoenaed witnesses in Oklahoma and Texas. To get at the true state of the facts is the salutary purpose of discovery procedures, and that purpose should not be hindered by an order, made without a showing

of reasonableness and good cause, lest the rule be employed contrary to the purported invocation of the rule here, to cause "annoyance, embarrassment, oppression or undue burden or expense" to the party seeking discovery by use of deposition. The majority opinion is devoid of any factual basis to support the order of expenses, and is so broad as to allow such expenses upon a mere motion therefor. It would add immeasurably to litigation expenses.

For the foregoing reasons, I dissent.