**Robert PENA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–214–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 15, 1983.

Eugenio A. Soliz, Jr., Premont, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a probation revocation. Appellant challenges the sufficiency of the evidence to support the trial court's revocation of his probation. We affirm.

In 1980, appellant pled guilty to burglary, and the trial court placed him on probation for five years. At that time appellant acknowledged receiving a copy and an explanation of the Federal Gun Control Act of 1968. The Act mandates, "... it is unlawful for any person ... who has been convicted in any Court of a crime punishable by imprisonment for a term exceeding one year ... to PURCHASE, RECEIVE, OR POSSESS ANY FIREARM."

In 1983, the trial court found that appellant had violated Condition A of his probation which was to "[c]ommit no offense against the laws of this State or any other State or the United States."

Reviewing the facts in the light most favorable to the verdict, we note the following evidence presented at the trial. Appellant testified that he and his wife attended a dance at the V.F.W. Hall; that during the dance, he left the building, obtained a handgun and put the gun inside his boot; and that he then went over to his wife and the police officers. Deputy Garza testified that he and Constable Garza told Mrs. Pena that she had to leave the premises because she had created a disturbance; then appellant came over to them, appeared to be drunk, spoke "bad language" to the policemen and caused a "disorderly situation." The police charged appellant with disorderly conduct, arrested him and took him to the police station. At the police station Deputy Molina searched appellant and found a .22 caliber automatic handgun inside appellant's right boot. The Kleberg County District Attorney's office filed a Motion to Revoke Probation. Whereupon, the trial court held a hearing and revoked appellant's probation.

Appellant's sole ground of error contends that the evidence is insufficient to support a finding that he violated Condition A of his probation. Appellant argues that the "travel exception" applies since he had just received a gun to transport to his wife, the owner of the gun, when he was getting ready to leave the V.F.W. Hall. Appellant argues that he had no intention of carrying or using the weapon. Appellant further contends that he was a model prisoner during his probation because he was gainfully employed, paid his restitution and fine, reported promptly to his probation officer, and gave his probation officer no problems.

■ A violation of a condition of probation in a probation revocation proceeding need only be established by a preponderance of the evidence. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Cr.App.1981). In ruling on the sufficiency of the evidence we are required to review the evidence in the light most favorable to the verdict. *Darrington v. State,* 623 S.W.2d 414, 415 (Tex. Cr.App.1981). The 1968 Federal Gun Control Law made it illegal for appellant to purchase, receive, or possess any firearm. The police found appellant carrying a handgun inside his right boot. The trial court's duty is to judge the credibility of the witnesses and to determine whether the allegations in the motion to revoke are true. *Garrett,* supra, at 174. The trial court was free to believe only part of appellant's testimony. The trial court could have disbelieved appellant's testimony that he had just obtained the firearm, had no intention of using it and was transporting the gun to its owner. The trial court was free to believe appellant's admission that he knew he violated the law when he put the gun inside his boot and walked over to the police officers just before he was arrested. The evidence is sufficient to establish that appellant violated Condition A of his probation terms.

Appellant's assertion that he was a model probationer is irrelevant since none of appellant's claims justify his violating Condition A of his probation terms.

■ TEX.PENAL CODE ANN. § 46.-03(3) (Vernon Supp.1982–83) provides what

is known as the "travel exception." The "travel exception" provides, in part, that a person does not commit the offense of Unlawfully Carrying a Weapon under TEX. PENAL CODE ANN. § 46.02 (Vernon 1974) when he is "traveling". The "travel exception" does not legalize appellant's actions, however, since it does not apply to the Federal Gun Control Act of 1968. The intent of the Federal Gun Control Act of 1968 is stated within the act, "The Congress hereby declares that the purpose of this title is to provide support to Federal, State, and local law enforcement officials in their fight against crime and violence . . ." Gun Control Act of 1968, Pub.L. No. 90–618 § 101, 82 Stat. 1213 (1968) (2nd Session). The "travel exception" specifically states that it applies to TEX.PENAL CODE ANN. § 46.02 (Vernon 1974); the "travel exception" does not state that it applies to a federal law. We hold that the Texas "travel exception" does not apply to those whose probation is revoked for violating the Federal Gun Control Act of 1968. The ground of error is overruled.

The judgment of the trial court is affirmed.