**Robert D. HILLER, Plaintiff,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and Robert A. Garvy, Defendants.**

**Civ. A. No. 15247.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 16, 1973.

Supplemental Order July 6, 1973.

---

Greene, Buckley, DeRieux & Jones, Atlanta, Ga., for plaintiff.

Powell, Goldstein, Frazer & Murphy, Atlanta Ga., for Merrill Lynch, Pierce, Fenner & Smith.

Alston, Miller & Gaines, Atlanta, Ga., for Robert A. Garvy.

## ORDER OF COURT

MOYE, District Judge.

Defendants successfully defended a suit arising under the securities laws. A bill of costs was filed to which plaintiff has filed objections in a timely motion to review and disallow the bill of costs pursuant to Fed.R.Civ.P. 54(d). Plaintiff objects to the following items: (1) $80 of a $100 cost for the witness fees; (2) $134.40 for the cost of a daily trial transcript purchased by defendant Merrill Lynch, Pierce, Fenner & Smith [hereinafter Merrill Lynch]; (3) $226.-40 for costs incident to the taking of depositions; and (4) $1,095.92 for charts prepared for, and used, in the case.

The governing statute is 28 U.S.C. § 1920. It provides in part:

"A judge or clerk of any court of the United States may tax as costs the following:

.    .    .    .    .    .

(1) Fees of the clerk and marshall;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case  .  .  .  ."

The fees for witnesses paid by defendants was $100. John J. McDonough was paid $100 by defendants, but they request only $80 as a taxable cost because plaintiff has paid $20 thereof. Plaintiff contends that McDonough was in attendance at the trial only as a representative of defendant Merrill Lynch and, as such, is not entitled to a witness fee. Defendant Merrill Lynch has responded, contending that McDónough was subpoenaed by plaintiff for the first day, but was not called until the third day. Therefore, defendant argues it is at least entitled to $20 for each of the three days McDonough was in attendance as a witness. Defendant also seeks an award of witness fees for the additional two days McDonough remained in attendance not as a witness.

■ ■  Witness fees are not restricted to the day upon which a witness testifies, but are allowable for each day that the witness is necessarily occupied in attending the trial. 6 J. Moore, Federal Practice ¶ 54.77[5.–1], at 1728 (2d ed. 1972). The Court finds that McDonough was in attendance the first three days of the trial as a witness, albeit he also represented defendant Merrill Lynch. Since plaintiff has paid to defendants $20 for one of the three days McDonough was in attendance as a witness, defendants are only entitled to the

sum of $40 for the remaining two days. Defendants' request is disallowed as it pertains to the last two days McDonough was in attendance as a representative of defendant Merrill Lynch.

■  The daily transcript, according to defendants, cost $559, although they are only seeking to recover the cost that would have been incurred for the court reporter to transcribe this testimony in the normal course of his duties, i. e., $134.40. Defendant Merrill Lynch contends that the daily transcript of plaintiff's testimony was essential to conduct an effective cross-examination. Plaintiff, in rebuttal, argues that the daily transcript was obtained for the convenience of defendant Merrill Lynch, after counsel for plaintiff and counsel for defendant Garvy indicated to counsel for defendant Merrill Lynch that they did not desire to obtain the transcript on a daily basis.

The trial in this case lasted for five days with the plaintiff testifying for the better half of two days. The Court does not dispute the fact that a copy of plaintiff's testimony may have been beneficial to counsel for defendant Merrill Lynch. However, it is the rule in the Fifth Circuit that a copy of a transcript of the trial evidence obtained by counsel for use during the trial is not a taxable item. See, United States v. Lynd, 334 F.2d 13 (5th Cir. 1964); Department of Highways v. McWilliams Dredging Co., 10 F.R.D. 107 (W.D.La.1951), aff'd, 187 F.2d 61 (5th Cir. 1951); Carmichael v. Allen, 267 F.Supp. 985 (N.D.Ga.1965). Therefore, this item of daily transcript is disallowed.

Defendants seek to tax $226.40 as costs incident to taking of depositions. Plaintiff contends that this amount includes the cost of copies of depositions ordered by defendants, which defendants are not allowed to include in their bill of costs. Defendants have not presented a breakdown of the costs incident to taking of the depositions. Before the Court can rule on plaintiff's objection,

defendants must submit to the Court an itemization of the costs incident to taking of the depositions. Defendants are directed to submit such an itemization within ten (10) days from the filing of this order.

■ Counsel for defendant Merrill Lynch produced as a part of its case at trial 18 large charts which depicted the activity in the plaintiff's account, the fluctuations in the Dow Jones and Standard & Poor averages and the fluctuations in the stocks held in the plaintiff's account. These charts were stipulated into evidence and were used by all parties. Plaintiff contends that defendants are not entitled to recover the costs of the preparation of these charts at all due to the fact that defendants did not obtain an advance court order allowing them to incur this expense.

In Johns-Manville Corp. v. Cement Asbestos Products Co., 428 F.2d 1381 (5th Cir. 1970), a successful defendant in a patent infringement action, *inter alia,* was attempting to tax the unsuccessful plaintiff with the costs of charts and physical exhibits defendant had produced at trial. The Fifth Circuit stated that:

". . . There is no statutory provision for the taxation of charts and exhibits as costs. We think that the statutory omission is salutary.

"Under Rule 16, F.R.Civ.P., the court may authorize, prior to trial, the production of models and charts. This procedure avoids the possible abuse of incurring oppressive costs by one party, ex parte, which may be taxed to his adversary, and yet provides for full utilization of charts and exhibits necessary to the proper and efficient disposition of the case. No prior approval having been obtained from the Court by . . . [defendant] . . . to produce the models and charts in question, the costs must be disallowed . . . ." [428 F.2d at 1385]

In the instant case no application was made to the Court by defendants in advance of trial for an order approving the incurring of this expense. Therefore, the cost of charts prepared for, and used in, the case is Disallowed. *But see* 6 J. Moore, Federal Practice, ¶ 54.77[6], at 1739 (2d ed. 1972).

Summarizing, $40 of the $80 cost for the witness fees is Disallowed; the $134.40 for the costs of a daily trial transcript purchased by defendant is Disallowed; defendants are directed to submit to the Court within ten (10) days from the filing of this order an itemization of the $226.40 defendants seek to recover as costs incident to taking of depositions; and the $1,095.92 for charts prepared for, and used in, the case is Disallowed.

## SUPPLEMENTAL ORDER OF COURT

In this Court's order of May 16, 1973, defendants were directed to submit to the Court within ten days an itemization of the $226.40 defendants seek to recover as costs incident to the taking of depositions. Defendants have furnished the Court with such an itemization.

Plaintiff has objected to this cost item contending that the amount includes the costs of copies of depositions ordered by the defendants which defendants are not allowed to include in their bill of costs. The itemization submitted by the defendants is as follows:

"1. Cost of copies for defendants' counsel of the deposition of Mr. Garvy —$103.25.

"2. Cost of original (including one copy) of transcript of deposition of the plaintiff—$115.30. . . .

"3. Cost of copy to defendants' counsel of transcript of deposition of the plaintiff—$7.85. . . ."

■ In United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963), Judge Brown, writing for the United States Court of Appeals for the Fifth Circuit, set forth the rule to be applied in determining

whether the cost for copies of a deposition are taxable under 28 U.S.C. § 1920(2). He rejected the rigid position which prohibited the cost of a copy of any deposition altogether and stated that:

"The trial Judge must determine whether all or any part of a copy of any or all of the depositions was 'necessarily obtained for use in the case.' In that evaluation, great latitude and discretion must be accorded the Judge. Reversal will require an abuse of discretion."

Defendants in the instant case have made no showing that the copies of the deposition of defendant Garvy and the copy of the deposition of the plaintiff were necessarily obtained for use in this case. Absent such a showing, the Court hereby Orders said costs to be Disallowed.

The Clerk is directed to tax the costs less the costs specifically disallowed in this order and the order of May 16, 1973.