**UNITED STATES of America**

v.

**BEXAR COUNTY et al.**

**Lupe GUERRA et al.**

v.

**BEXAR COUNTY HOSPITAL DISTRICT et al.**

**Civ. A. Nos. SA78CA419, SA78CA421.**

United States District Court,
W. D. Texas,
San Antonio Division.

Feb. 12, 1981.

Cathy S. Surace, Daniel Searing, Donald Pailen, U. S. Dept. of Justice, Civil Rights Division, Washington, D.C., Hugh P. Shovlin, Asst. U. S. Atty., San Antonio, Tex., for U. S. A.

Stephen G. Cochran, Nancy O'Neill, Bexar County Legal Aid Ass'n, San Antonio, Tex., for private plaintiffs.

Steven Arronge, City Attorney's Office, San Antonio, Tex., for City of San Antonio.

John Daniels, Jack Efron, Daniels, Efron & Holden, San Antonio, Tex., Raymond J. Kelly, Thomas G. Dent, Marc Krass, Seyforth, Shaw, Fairweather & Geraldson, Chicago, Ill., for Bexar County Hospital Dist.

Keith Burris, Asst. Dist. Atty., San Antonio, Tex., for Bexar County Commissioners' Court.

## ORDER

SPEARS, District Judge.

On this 11th day of February, 1981, came on for consideration the defendants' motions to tax costs in the above styled and numbered causes, and the plaintiffs' objections thereto. This consolidated case was filed to challenge the constitutionality of the Bexar County Hospital District's decision to relocate maternity and nursery services from downtown San Antonio. On February 20, 1980, judgment was entered for the defendants. Although the Court, in its judgment, was "unwilling to characterize this litigation as frivolous",[*] after duly considering the respective bills of costs, together with the oppositions thereto, and the memoranda submitted by all parties, the Court finds and concludes that defendants, as the prevailing parties, are entitled to recover certain items of costs, pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920, as hereinafter set forth:

BEXAR COUNTY HOSPITAL DISTRICT:

| | | |
|---|---|---|
| 1. | Fees of the court reporters for all or any part of the transcript necessarily obtained for use in the case | $ 8,727.30 [1] |
| 2. | Fees of the court reporters for transcriptions and copies of depositions necessarily obtained for use in the case | 11,000.90 [2] |
| 3. | Fees for expert witnesses | 608.00 [3] |
| 4. | Fees for legal aid witnesses | 300.00 |
| 5. | Fees for exemplification of papers necessarily obtained for use in the case | 297.50 [4] |
| 6. | Fees for marshals | 35.00 |
| 7. | Fees for the interpreter | 125.00 |
| | Total for Hospital District [5] | $21,093.70 |

* See *United States v. Bexar County*, 484 F.Supp. 855, 861 (W.D.Tex.1980).

1. This amount includes $8,616.00 for daily copies of the trial transcript, and $111.30 for the transcript of four pretrial hearings. Ordinarily, this Court would not allow costs of daily transcripts without prior court approval. However, in view of the length and complexity of this litigation, *see Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 234, 85 S.Ct. 411, 416, 13

2. See note 2 on page 393.

3. See note 3 on page 393.

4. See note 4 on page 394.

5. See note 5 on page 394.

L.Ed.2d 248 (1964); *Advanced Business Systems & Supply Co. v. S.C.M. Corp.*, 287 F.Supp. 143, 163 (D.Md.1968), *modf'd on other grounds*, 415 F.2d 55 (4th Cir.), *cert. denied*, 397 U.S. 920, 90 S.Ct. 928, 25 L.Ed.2d 101 (1969), and in view of the fact that all parties utilized copies of the daily transcript at trial, and, moreover, agreed to advance the costs of these copies, the Court is of the opinion that the daily transcript copies were "necessarily obtained for use in the case". *Cf. In re Nissan Antitrust Litigation*, 577 F.2d 910, 918 (5th Cir. 1978) (costs for expedited daily transcript disallowed because requested solely by defendants and not agreed to by plaintiffs). In this connection, it should be noted that the Court was the ultimate arbiter of the facts in this suit, and found the daily copy extremely beneficial. Therefore, the Court exercises its discretion to tax these costs under the circumstances. *See Viverette v. Lurleen B. Wallace State Jr. College*, 587 F.2d 191, 194 (5th Cir. 1979). Additionally, the Court finds that the pretrial transcripts were necessary for preparation of the trial. *See Sperry Rand Corp. v. A–T–O, Inc.*, 58 F.R.D. 132, 138 (E.D.Va.1973); *Bank of America v. Loew's International Corp.*, 163 F.Supp. 924, 931–32 (S.D.N.Y.1958).

2. With respect to Bexar County Hospital District, the Court finds it necessary to list all costs that the Court concludes were incurred in taking depositions and interviews:

ORAL DEPOSITIONS

| | |
|---|---|
| Theresa Jesse | $136.90 |
| Mary Esther Garzes | 158.60 |
| Jonathan Lopez | 99.10 |
| Carmen Cantu | 167.80 |
| Dr. Charles I. Cotrell | 192.40 |
| Belia Cortez | 172.10 |
| Frank Alvarez – Vol. 1 | 216.10 |
| Frank Alvarez – Vol. II | 107.20 |
| Henry Cisneros – Vol. I | 398.40 |
| Henry Cisneros – Vol. II | 83.80 |
| Delfina Gonzales | 253.20 |
| Rosalinda Cisneros | 200.70 |
| Juanita Adame | 193.10 |
| Jose Contreras | 285.10 |
| Bernardo Eureste | 286.40 |
| Frank Cortez | 155.70 |
| Teresa Camarillo | 125.30 |
| Robert D. Ewers | 329.20 |
| Mary Rocha | 212.50 |
| Alice Simmons | 184.20 |
| Charles Grace | 230.70 |
| Joe L. Hernandez | 130.60 |
| Tara Lewis | 163.50 |
| Jose A. Contreras | 466.60 |
| George Korbel | 278.10 |
| Evelyn Garcia | 138.20 |
| Lupe Guerra | 273.30 |
| Lydia Mejia | 161.20 |
| Sylvia Perez | 170.80 |
| Adela Navarro | 226.00 |
| Martha Williams | 221.10 |

ORAL DEPOSITIONS

| | |
|---|---|
| Patti and Rod Radle | $207.90 |
| Albert Pena, Jr. | 171.50 |
| Rev. Kent Miller | 192.50 |
| James Miller and C.E. Anaya | 405.40 |
| Hector Salizar | 197.10 |
| Edmundo Rodriguez | 210.00 |
| Lou Nell Sutton | 155.90 |
| Sister Gregoria Ortega | 265.50 |
| Dr. Courand N. Rothe – Vol. I | 106.00 |
| Dr. Courand N. Rothe – Vol. II | 135.00 |
| Alicia Sanchez | 167.20 |
| Elia Martinez | 299.40 |
| Drs. Paul Branca and John Franklin | 873.00 |
| Michael Middleton | 291.10 |
| Lloyd Henderson | 143.50 |
| Treadwell Phillips | 147.60 |
| Dorothy Stuck | 465.45 |
| Carol Atha | 148.85 |
| **Total Depositions** | **$11,000.90** |

UNSWORN INTERVIEWS

| | |
|---|---|
| Maureen R. McLain | $ 64.60 |
| Dr. Fernardo Guerra | 92.20 |
| Dr. W. M. Keidel | 89.40 |
| Jeanne Janes | 85.30 |
| Anita Anderson | 108.30 |
| Roger Gonzales | 78.40 |
| Dr. Frank Bryant | 132.70 |
| Dr. Jose San Martin | 60.00 |
| Marta Tijerina | 106.60 |
| Maria Elena Torralva | 78.40 |
| Dr. Richard Aubry | 127.50 |
| Dr. George Ryan | 196.50 |
| Dr. Sheldon Karones | 168.95 |
| Dr. Warren Pearse | 87.14 |
| **Total Interviews** | **$1,475.99** |

The Court is of the opinion that the aforementioned copies of oral depositions were "necessarily obtained for use in the case", *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316 (5th Cir. 1978), in accordance with the reasoning of the Fifth Circuit in *United States v. Kolesar*, 313 F.2d 835, 849 (5th Cir. 1963). The unsworn interviews, on the other hand, were taken merely for discovery purposes and were conducted solely for the convenience of counsel. Consequently, the interview costs are not taxable. *See Morris v. Carnathan*, 63 F.R.D. 374, 380–81 (N.D.Miss.1974). An additional item of non-taxable costs is the $646.40 deposition expense of James Miller and C. E. Anaya, and Dr. Courand Rothe, because they testified on behalf of Bexar County Hospital District at trial. *See Morrison v. Alleluia Cushion Co., Inc.*, 73 F.R.D. 70, 72 (N.D.Miss.1976); *Morris v. Carnathan, supra*, 63 F.R.D. at 380.

3. The amount of expert witness fees and expenses taxable under 28 U.S.C. § 1920(3) is governed exclusively by 28 U.S.C. § 1821. *See, e. g., Jones v. Diamond*, 594 F.2d 997, 1029 (5th Cir. 1979); *Gerber v. Stoltenberg*, 394 F.2d 179, 179 (5th Cir. 1968). Section 1821 authorizes

BEXAR COUNTY:

1. Fees of the court reporters for all or any part of the transcript necessarily obtained for use in the case      $1,232.00

2. Fees of the court reporters for transcriptions and copies of depositions necessarily obtained for use in the case      $2,995.65 [6]

        Total for Bexar County [7]    $4,227.65

■ The Court further concludes that, because the suit was neither frivolous, nor instituted in bad faith, it would be inequitable to tax costs against the individual indigent plaintiffs under the circumstances. *See, e. g. Perkins v. Cingliano*, 296 F.2d 567, 569 (4th Cir. 1961); *Boas Box Co. v. Proper*

*Folding Box Corp.*, 55 F.R.D. 79, 81 (E.D.N. Y.1971). Therefore, the total $25,321.35 of taxable costs will be apportioned between plaintiffs, United States of America and City of San Antonio, according to their respective roles in the prosecution of this lawsuit. The Court is of the opinion that the United States should bear responsibility for seventy-five percent (75%) of the costs incurred, or $18,991.01, because it was the principal plaintiff in all aspects of this litigation, *cf., Moten v. Bricklayers, Masons and Plasterers, etc.*, 543 F.2d 224, 239–40 (D.C.Cir.1976), and because the United States is the party best able to relieve local taxpayers of the disproportionate share of the burden. *See County of Suffolk v. Secretary of the Interior*, 76 F.R.D. 469, 473–74 (E.D.N.Y.1977), *cert. denied*, 434 U.S. 1064,

payment of: a $30 per day fee to any witness in attendance at court or deposition; a per diem subsistence allowance for any witness who is required to stay overnight at the place of attendance; and a common carrier travel expense which has historically been limited to the area in which the court can issue subpoenas. *See Goodwin Bros. Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 734 (5th Cir. 1979). The Court is of the opinion that no special circumstances have been shown in the instant case that would justify a departure from this so-called "100 mile rule". *See Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 232, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964); *Goodwin Bros. Leasing, Inc. v. Citizens Bank, supra*, 587 F.2d at 734. Consequently, each of the Hospital District's three expert's expenses may be taxed to the extent of a $30 per day attendance fee, a $41 subsistence allowance, and an approximate 100 mile roundtrip airfare.

4. The Court finds that the $595.00 cost submitted for reproducing ten copies of trial exhibits admitted into evidence is excessive. Because there were essentially only four parties to this litigation, the Court is of the opinion that approximately half the number of copies requested by the Hospital District was "necessarily obtained for use in the case". The $16,003.78 amount of "exemplification" expenses was actually incurred in researching and developing charts and graphs for trial. Such expenses are not taxable items in the absence of prior court approval. *See, e. g., Johns-Manville Corp. v. Cement Asbestos Products Co.*, 428 F.2d 1381, 1385 (5th Cir. 1970); *Hiller v. Merrill Lynch, Pierce, Fenner & Smith*, 60 F.R.D. 87, 90 (N.D.Ga.1973).

5. The $5,370.08 claim for miscellaneous expenses is omitted entirely, because this item represents the travel expenses incurred by the attorneys for Bexar County Hospital District while attending out-of-district depositions and interviews. Travel, lodging, and subsistence expenses incident to the taking of depositions are not taxable, in the absence of prior court approval, without a showing of extraordinary and compelling circumstances. *See, e. g., Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1170 (7th Cir. 1968), *cert. denied*, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969); *Gerber v. Stoltenberg*, 394 F.2d 179, 179 (5th Cir. 1968). The Court is of the opinion that no compelling circumstances have been advanced in the instant case.

6. Bexar County's recoverable deposition costs are computed as follows:

| | |
|---|---|
| $6,213.01 | request for court reporters' fees submitted by Bexar County |
| −1,232.00 | court reporter fees allowed for copies of transcripts (See Bexar County, Item 1.) |
| −1,508.95 | fees disallowed for witnesses who testified on behalf of Bexar County |
| − 476.42 | interview costs disallowed |
| $2,995.65 | |

7. Exhibit and miscellaneous travel expenses are disallowed in their entirety for the reasons heretofore discussed in footnotes 3 and 4.

98 S.Ct. 1238, 55 L.Ed.2d 764 (1978). Plaintiff, City of San Antonio will be assessed the remaining twenty-five percent (25%) of these costs, or $6,330.34. It is, accordingly,

ORDERED that defendant, Bexar County Hospital District, recover the sum of $21,093.70 for its expenses incurred in this litigation, and that defendant, Bexar County recover the sum of $4,227.65 for its expenses incurred in this litigation. It is

FURTHER ORDERED that plaintiff, United States, be taxed costs in the total amount of $18,991.01 for defendants' expenses incurred in this litigation, and that plaintiff, City of San Antonio, be taxed costs in the total amount of $6,330.34 for defendants' expenses incurred in this litigation.