654 P.2d 545

**STATE of New Mexico, ex rel, STATE OF CALIFORNIA and Betty J. Seelig, Petitioners-Appellants,**

v.

**Ramon Rios RAMIREZ, Respondent-Appellee.**

**No. 14388.**

Supreme Court of New Mexico.

Nov. 23, 1982.

Jeff Bingaman, Atty. Gen., Dorsett C. Bennett, II, Asst. Atty. Gen., Roswell, for petitioners-appellants.

McCormick & Forbes, Thomas L. Marek, Carlsbad, for respondent-appellee.

## OPINION

RIORDAN, Justice.

Betty J. Seelig (Seelig), the State of New Mexico and the State of California (Petitioners), petitioned the district court to enforce a child support obligation contained in a California divorce decree between Seelig and Ramon Rios Ramirez (Ramirez), under the Revised Uniform Reciprocal Enforcement of Support Act (URESA). §§ 40–6–1 through 40–6–41, N.M.S.A. 1978. After an evidentiary hearing, the district court ordered the case continued to allow Seelig, a California domiciliary, either to appear in the New Mexico district court or to provide evidence by deposition in California. The district court further ordered that if Seelig chose to provide the evidence by deposition, Petitioners would have to pay the costs of Ramirez' counsel to travel to California to take Seelig's deposition, pursuant to the New Mexico Rules of Civil Procedure. After a second hearing, at which time the district court was informed that Seelig would neither appear in the New Mexico district court nor would Petitioners pay the costs of Ramirez' attorney to travel to California for the proposed deposition, the district court dismissed the petition with prejudice. Petitioners appeal. We affirm.

The issue on appeal is whether the district court had authority to enter this order pursuant to N.M.R.Civ.P. 26(C), N.M.S.A. 1978 (Repl.Pamp.1980), in a suit brought under URESA.

Seelig and Ramirez were divorced in October 1978. Two children were born during their marriage. The divorce decree ordered that Ramirez pay $150.00 per month per child for child support and that legal custody of the two children be awarded to Seelig. On July 27, 1981, Petitioners filed this URESA action from the State of California on behalf of Seelig. The petition asked for enforcement of an ongoing $150.00 obligation per month and for a total of $4,000.00 in arrearages owed by Ramirez. Ramirez filed an Answer denying that he owed Seelig anything because of an agreement between the parties modifying the support provisions of the final decree. He also petitioned the district court for reciprocal support from Seelig for the one child who had come to live with him. At the hearing, Ramirez told the court that he and Seelig had agreed between themselves that he would not pay child support, that he would have an obligation to support only the one child living with him, and that Seelig would support the child living with her. Ramirez also claimed that the amount of support that the parties agreed upon prior to the child coming to live with him was $100.00 per month not $150.00 per month per child as the court's order stated. The district court found after this initial hearing, that Ra-

mirez had provided evidence that constituted a defense to the payment of support. The district court then ordered that the case be continued, pursuant to Section 40–6–20, to allow Seelig the opportunity to provide further evidence, either by appearing in person or by providing deposition testimony. Furthermore, the district court ordered that if Seelig chose to provide evidence by a deposition, then Petitioners would pay the costs of Ramirez' attorney to travel to the out-of-state deposition.

At the second hearing, the district court was informed that Seelig would not appear to testify and that Petitioners declined to pay the costs for Ramirez' attorney to attend a deposition in California. Thereafter, the district court found that Ramirez' evidence constituting the defense was strong and convincing, and that it would be "unjust and inequitable" to Ramirez to limit his interrogation of Seelig to written questions under N.M.R.Civ.P. 31, N.M.S.A.1978 (Repl. Pamp.1980), as requested by Petitioners. The district court dismissed the case with prejudice because "the ends of justice and due process requires [sic] [Seelig] to appear in person in the District Court or in the alternative give an oral deposition at the expense of Petitioners."

On appeal, Petitioners argue that the district court erred because both Rule 31 and Section 40–6–15 specifically prohibit the district court from ordering a petitioner to pay costs. We disagree with Petitioners' argument.

In addressing URESA, we have held that there is no denial of due process and equal protection of the law when the respondent but not the petitioner can be cross-examined. *State Ex Rel. Terry v. Terry,* 80 N.M. 185, 453 P.2d 206 (1969). However, in *Terry,* there was no attempt to obtain further information from the petitioner by way of discovery under the provisions of our discovery rules and there was no request for a continuance.

█ Section 40–6–20 specifically provides that:

If the obligee [Seelig] is not present at the hearing and the obligor [Ramirez]

denies owing the duty of support alleged in the petition or offers evidence constituting a defense, the court shall, upon request of either party, continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court.

In addition, Rule 26(C) provides that:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make *any* order which justice requires to protect a party or person from ... undue burden or expense.... [Emphasis added.]

This language in Section 40–6–20 and Rule 26(C) clearly encompasses the issue in this case. It is well settled that a district court has discretion to determine whether one party will pay the costs for the opposing party's attorney to travel to an out-of-state deposition and that the district court's determination will not be overturned absent an abuse of discretion. *Gibson v. International Freighting Corporation,* 8 F.R.D. 487 (E.D.Pa.1947), *aff'd,* 173 F.2d 591 (3d Cir.), *cert. denied,* 338 U.S. 832, 70 S.Ct. 78, 94 L.Ed. 507 (1949); *State v. Mahoney,* 103 Ariz. 308, 441 P.2d 68 (1968); *see* 23 Am. Jur.2d Depositions and Discovery § 281 (1965).

In *Gibson v. International Freighting Corp., supra,* at 488, the court stated:

Without intending to state a rule upon the subject, it may be said that where one party proposes to take the deposition of a witness at a place far distant from the place of trial, not as discovery but to be offered as evidence in the case, the testimony being for his sole benefit and not sought by the other party, it would ordinarily seem fair that he should bear the cost of taking it. If it appears to the Court that the testimony is of such nature that it warrants the presence at the taking of the deposition of the attorney who is to try the case, it would also seem proper to include the traveling expenses of such attorney.

After a review of the record, we find that the district court clearly acted within its discretion under the circumstances of this case, under Rule 26(C), in ordering that either Seelig provide further testimony to refute Ramirez' strong and convincing defense by appearing in person in the district court, or that Petitioners pay the costs of Ramirez' attorney's travel to California for Seelig's deposition. Seelig's testimony is crucial to the district court's issues. We agree with the district court that to limit Ramirez to written questions would deprive him of the opportunity to confront and cross-examine Seelig in person. Therefore, we hold that the district court did not abuse its discretion and that this case was properly dismissed.

IT IS SO ORDERED.

PAYNE, C.J., and SOSA, Senior Justice, concur.