728 F.2d 1055
 16 Ed. Law Rep. 757
 Robert and Mary YARIS, on their own behalf and as next
friends of Michael Yaris, and on behalf of all those
similarly situated; Stephen Stubbs and Marilyn Stubbs, next
friend of Adam Stubbs, Appellants,
v.
SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY; Arthur L.
Mallory; Leonard W. Hall; Department of
Elementary and Secondary Education;
State Board of Education, Appellees.
 No. 83-1865.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 12, 1984.
Decided Feb. 24, 1984.
 
 Kenneth M. Chackes, Herbert A. Eastman, Chackes & Hoare, St. Louis, Mo., for appellants.
 Ramon J. Morganstern, Michael J. McKitrick, Morganstern, Soraghan, Stockenberg, McKitrick & Rapp, St. Louis, Mo., for Sp. School Dist., appellee.
 John Ashcroft, Atty. Gen., Jerry Short, Asst. Atty. Gen., Jefferson City, Mo., for State appellees.
 Before ROSS, JOHN R. GIBSON and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants (hereinafter Yaris) filed an individual action and a class action on behalf of all handicapped children in the State of Missouri alleging that appellees' policies which limited handicapped children to a 9-month school year while nonhandicapped children were able to receive extended summer programming was discrimination in violation of the Education for All Handicapped Children Act, 20 U.S.C. Sec. 1401 et seq., and Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. Although the district court found in favor of Yaris[1]--that the state had in fact discriminated against these handicapped individuals--Yaris appeals on the grounds that (1) the injunctive relief was not specific enough, and (2) the trial court erred in finding no liability on the part of the Special School District of St. Louis County.
 
 
 2
 The district court found that the State of Missouri's policy which refused to consider or provide for more than 180 days of education per school year for the severely handicapped denied those children a "free appropriate education" in violation of the Education for All Handicapped Children Act (EAHCA). The case of Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982) requires that these children receive "access to specialized instruction and related services which are individually designed to provide educational benefit to the handicapped child." Id. at 201, 102 S.Ct. at 3048.
 
 
 3
 The district court, however, held that the Special School District (SSD), unlike the State of Missouri, was not liable under the EAHCA, because of the language of section 1412(6) which states:
 
 
 4
 The state educational agency shall be responsible for assuring that the requirements of this subchapter are carried out and that all educational programs for handicapped children within the state, including all such programs administered by any other state or local agency, will be under the general supervision of the persons responsible for educational programs for handicapped children in the state educational agency and shall meet educational standards of the state educational agency.
 
 
 5
 The district court likewise found the state but not SSD liable for discrimination under Section 504 of the Rehabilitation Act. With regard to the SSD the district court indicated:
 
 
 6
 Just as it was inappropriate to find the SSD liable under the Education For All Handicapped Children Act, 20 U.S.C. Secs. 1401 et seq., it would be inapposite to hold that the SSD is in breach of its duties under the Rehabilitation Act, 29 U.S.C. Sec. 794, or its regulations. The SSD is not in a position to be discriminating against the handicapped by providing services to the nonhandicapped which it has failed to provide to the handicapped because it uses its funds exclusively for the education of the handicapped. The plaintiffs' class has not alleged that the SSD provides services to certain categories of the handicapped that are not provided to the severely handicapped.
 
 
 7
 The named plaintiffs asked that the district court issue an order requiring the defendants to provide an extended school year program for them. The district court declined to do so. The court was of the opinion that section 1415(e)(2) as interpreted by the Supreme Court in Rowley, 458 U.S. at 206, 102 S.Ct. at 3051, did not give it unlimited discretion in determining how to handle these matters. The needs, stated the court, of the named plaintiffs were never considered at the state level as required by the Act. Since the primary responsibility and expertise lie at the state level in these matters, the district court refused to order an extended school year for the plaintiffs. Instead, the court ordered the defendants to consider the needs of the named plaintiffs.
 
 
 8
 The plaintiffs in this case also alleged violations of section 1983, the due process clause, the equal protection clause, and MO.REV.STAT. Sec. 162.670. With regard to the federal issues, the court refused to entertain the questions based on the fact that the case was decided on statutory grounds. With regard to the state claim, the court indicated that pendent jurisdiction was a matter of discretion, and that it considered this a novel question of state law and declined to address the issue.
 
 
 9
 And finally, the individual plaintiffs had sued SSD on the basis that SSD should be required to pay them for their educational costs from April of 1979 through August of 1980. The district court refused stating that SSD did not breach any obligation to the plaintiffs that required reimbursement, and that SSD attempted to implement their individualized educational programs in a timely fashion.
 
 
 10
 We find that the injunction is specific enough to comply with the requirements of FED.R.CIV.P. 65(d). See Georgia Association of Retarded Citizens v. McDaniel, 716 F.2d 1565, 1581 (11th Cir.1983). Furthermore, and more importantly, the injunction provides a total remedy for the violation identified. Yaris received all the relief he requested. The district court correctly concluded that it was not in a position at this juncture to order specific individual kinds of relief, and it should be noted that the district court did retain jurisdiction to entertain motions for noncompliance by the State of Missouri. Since we find that the district court issued an injunction against the state halting the policy which refuses to consider the needs of handicapped children in extended and summer programs, thereby granting all the relief requested by Yaris, we need not address any other issues raised on appeal. We hold that the district court committed no error of law or fact and accordingly affirm on the basis of its well reasoned opinion. See 8TH CIR.R. 14.
 
 
 
 [1]
 The district court's opinion is set forth at 558 F.Supp. 545