604 F.Supp. 914 (1985)
Robert and Mary YARIS, et al., Plaintiffs,
v.
SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY, et al., Defendants.
No. 81-423C(1).
United States District Court, E.D. Missouri.
February 13, 1985.
*915 Kenneth J. Chackes, Michael J. Hoare, Chackes & Hoare, St. Louis, Mo., for plaintiffs.
Ramon J. Morganstern, Michael J. McKitrick, St. Louis, Mo., Jerry Short/Nancy D. Kelley, Asst. Attys. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM

ON MOTIONS TO ALTER OR AMEND
NANGLE, Chief Judge.
This case is now before this Court on two (2) separate motions, both of which seek to amend or modify this Court's Order and Memorandum dated December 28, 1984, 599 F.Supp. 926. First, plaintiffs move to alter or amend said Order to: 1) award plaintiffs their costs and expenses incurred in connection with this lawsuit; and 2) award plaintiffs reasonable attorney's fees. Second, the State defendants move to amend said Order to provide that the yearly maximum for contractual services aid is $800.00 per student in accordance with § 162.980 Mo.Rev.Stat.
This Court agrees with plaintiffs that they are entitled, as the prevailing party in this litigation, to an award of costs under Rule 54(d) and 28 U.S.C. § 1920. The matter of costs was overlooked previously because the parties gave the matter de minimus attention in their briefs and because plaintiffs did not file a formal bill of costs under 28 U.S.C. § 1920. The matter of plaintiffs' costs will now be considered herein.
Plaintiffs' total costs were $10,947.67. This total includes the following categories: 1) depositions; 2) transcripts; 3) experts; 4) expenses of plaintiffs' counsel; 5) copying; 6) court costs; 7) postage; 8) long distance telephone calls; and 9) miscellaneous. The State defendants do not seriously object to $3,747.64 of plaintiffs' requested costs. The State defendants do object to: 1) $421.20 for certain depositions taken by plaintiffs; 2) $4,861.00 for expert witness fees; 3) $822.75 for plaintiffs' counsel's expenses; 4) $462.60 for copying; 5) $77.65 for postage; 6) $504.58 for long distance telephone calls; and 7) $50.25 for miscellaneous items. Because the State defendants do not object to $3,747.64 of the requested costs, said amount is awarded to plaintiffs and is taxed against the State defendants. The State defendants' objection to the amount of $421.20 for the depositions of Huskie, Holley, Williams, Nickels and Tucker is sustained because plaintiffs did not demonstrate to the satisfaction of this Court that said depositions were reasonably necessary to the prosecution of plaintiffs' case against the State defendants. Although this Court has discretion to award costs, including experts' fees, not specifically enumerated in 28 U.S.C. § 1821, it is the exceptional case where such will be permitted. Paschall v. Kansas City Star Co., 695 F.2d 322, 338-39 (8th Cir.1982). In the case at bar, plaintiffs' experts were arguably crucial or indispensable to their case, as required by Paschall, but plaintiffs merely provided this Court with the name of the expert and the amount sought. Absent from the record is the rate of compensation or the precise services, i.e., consultation or testimony, for which compensation is sought. This Court cannot engage in any meaningful evaluation of the reasonableness of the amount sought on this record and therefore plaintiffs' experts' fees are not awarded. The State defendants' objection to the costs of copying is sustained for a similar reason, namely that the amount sought is not documented or itemized in such a way that this Court can meaningfully evaluate plaintiff's request. The State defendants' objections to the remaining items are sustained because said items are not taxable as costs. See Wolf v. Wolfe, 570 F.Supp. 826, 828-29 (D.S.C.1983) *916 (expenses of attorneys, postage, long distance telephone calls and costs of legal research not taxable); Roche v. City of Normandy, 566 F.Supp. 37, 42 (E.D.Mo. 1983) (expenses of attorneys and expenses for serving subpoena not taxable); United States v. Bexar County, 89 F.R.D. 391, 394 n. 5 (W.D.Tex.1981) (travel expenses of attorneys not taxable). Accordingly, the State defendants are taxed with plaintiffs' costs in the amount of $3,747.64.
The second component of plaintiffs' motion to amend was expressly rejected by this Court's December 28, 1984, Order and Memorandum. This Court believes that said Memorandum adequately addressed plaintiffs' arguments and this Court knows of no reason why it should be amended. Accordingly, the second component of plaintiffs' motion to amend is denied.
The State defendants' motion to amend relates to that portion of the December 28, 1984, Order and Memorandum which directed the State defendants to provide contractual services aid to local districts for summer programming on the same basis as they do for the regular year. In so ordering, this Court relied heavily on the following stipulation approved by all parties, including the State defendants:
State aid for contracted services, reimbursed during the regular school year at $22.40 per student per day for approved programs, is not available for summer program contracted services.
Stipulation at 10. Now, the State defendants argue that Mo.Rev.Stat. § 162.980 (1978 as amended), places an $800.00 annual limit on such aid. Section 162.980 provides, as follows:
Each school district or special district shall receive up to $800 per year for each homebound child, child receiving special services outside the special class, or child served by contractual arrangement with a private or public agency.
Mo.Rev.Stat. § 162.980 (1978 as amended).
The State defendants' motion to amend is granted and this Court's December 22, 1984 Order and Memorandum is amended to make it clear that the State of Missouri is not required to provide contractual services aid in excess of the $800.00 statutory maximum. This does not really constitute an amendment because this Court's prior Order merely required the State defendants to provide contractual services aid during the summer "on the same basis as they do during the regular year." The State defendants have admitted that, if the $800.00 statutory maximum is not met during the regular year, then the amount remaining shall be available for summer programming. Although the statutory maximum was not brought to this Court's attention earlier, this Court's prior Order did not, and was not intended to, override any such legitimate limit on aid.