Robert YARIS, and Mary on their own behalf and as next friends of Michael Yaris, and on behalf of all those similarly situated, Stephen Stubbs, Marilyn Stubbs, next of friend to Adam Stubbs, and Missouri Developmental Disabilities Protection and Advocacy Services, Inc., Appellants,

v.

SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY, Appellant,

Arthur L. Mallory, Leonard W. Hall, Department of Elementary and Secondary Education, State Board of Education, Appellees.

No. 85–1316.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1985.

Decided Jan. 13, 1986.

Michael McKitrick and Kenneth M. Chackes, St. Louis, Mo., for appellants.

Jerry L. Short, Jefferson City, Mo., for appellees.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

This appeal relates to a class action lawsuit brought on behalf of handicapped children in the State of Missouri.[1] In *Yaris v. Special School District of St. Louis County*, 558 F.Supp. 545, 559–60 (E.D.Mo.1983), *aff'd*, 728 F.2d 1055 (8th Cir.1984), the district court determined that the State of Missouri's policy of refusing to provide more than 180 calendar days (nine months) of education per year for handicapped children denied those children a "free appropriate education" in violation of the Education for All Handicapped Children Act, 20 U.S.C. §§ 1401 *et seq.*, and that the maintenance of such a policy also violated section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The district court issued an injunction "prohibiting the continued application of a policy which refuses to consider the needs of the handicapped children for extended programming [including summer programming]." 558 F.Supp. at 564. The plaintiffs appealed on grounds that the district court's injunctive relief was not specific enough, and that the district court erred in finding no liability against defendant Special School District of St. Louis County (Special School District or SSD). We affirmed. 728 F.2d at 1057.

The district court retained jurisdiction over the action to ensure compliance with its decision. The present proceedings arise from motions made by the plaintiffs and the Special School District to obtain additional funding from the State defendants[2] for summer programs for handicapped children, and for attorneys' fees and costs. The relief requests made to the district court were as follows:

(1) That exceptional pupil aid under [Mo. Ann.Stat. § 162.975 (Vernon Supp.1985–1986)] also be available for summer programming, adjusted equitably on the basis of the proportion of hours of instruction in the summer program as compared to the hours of instruction during the regular school year. For example, if a local school district is entitled to $10,000 per class during the regular school year of 1,080 hours, a local school district with a class during the summer with 120

---

1. The plaintiffs in the original action included Robert and Mary Yaris, on their own behalf and as next friends of their handicapped son Michael Yaris, and on behalf of all those similarly situated; Stephen and Marilyn Stubbs, as next friends of their handicapped son Adam Stubbs; and Missouri Developmental Disabilities Protection and Advocacy Services, Inc.

2. The "State defendants" are the Department of Elementary and Secondary Education, the State Board of Education, Arthur L. Mallory (the Commissioner of Education), and Leonard W. Hall (the Assistant Commissioner for Special Education).

hours would be reimbursed on the basis of 120/1,080 × the $10,000 per class amount.

(2) That aid for contractual services be provided on the same proportionate per diem basis for summer programs as such aid is provided for regular school programs.

(3) That the State not be permitted to use discretionary P.L. 94–142 federal funds to defray the total cost of its summer programming to its severely handicapped children, but rather, any such funds be distributed directly to local school districts in the same manner as prior to the *Yaris* decision, in which the State provided 85% of its federal funds to local school districts.

(4) That the foregoing State aid be provided retroactive to the summer of 1983.

(5) For reasonable attorneys' fees and costs, and for such other and further relief as this Court deems just and appropriate.

*Yaris v. Special School District of St. Louis County*, 599 F.Supp. 926, 927–28 (E.D. Mo.1984).

The district court[3] denied the additional funding requests except for item (2), contractual services aid. In addition, the district court awarded plaintiffs costs in the amount of $3,747.64, but denied attorneys' fees to the plaintiffs both for their successful injunction action and their limited success relating to the funding order. *Yaris v. Special School District of St. Louis County*, 604 F.Supp. 914, 916 (E.D.Mo.1985). The plaintiffs and the Special School District appeal from the district court's denial of their various funding requests, and the plaintiffs further appeal from the denial of an award of attorneys' fees.

The district court's rulings on funding may be summarized as follows:

**3.** The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

**4.** The statute in question, Mo.Ann.Stat. § 162.-975 (Vernon Supp.1985–1986), provides in pertinent part:

> 1. Each school district or special school district maintaining one or more approved special programs for handicapped or severely

1. *Exceptional Pupil Aid.* The district court observed that the parties disagree in the interpretation to be given to provisions of Missouri law[4] granting aid for handicapped children. The plaintiffs and the Special School District contend that such aid is limited to the regular school year, thus imposing a special financial burden on local districts which provide programming for handicapped children during the summer months. The State defendants disagree and assert that the allocation is made in a lump sum, not limited to 180 days. In denying additional aid, the district court stated in part:

> Because exceptional pupil aid is distributed as a lump sum, however, the only significant deterrent which results from § 162.975 is that a local district that provides summer instruction may have to stretch its lump sum over twelve (12) months rather than nine (9) months.

> \*   \*   \*   \*   \*   \*

Two additional reasons support this Court's conclusion to refrain from altering the State's exceptional pupil aid scheme. The first is that two (2) summers have passed since this Court issued its opinion on the merits in this case, and no evidence was presented that any handicapped child identified as needing summer programming has been denied summer programming by a local district or by the State defendants. In the absence of such evidence, the efforts of plaintiffs and SSD herein must be viewed as an attempt to "bootstrap" from this Court that which they cannot obtain from the Missouri Legislature.

The second reason is an amplification of the first. The sensitive balance of federal and state powers is seriously implicated whenever a federal court purports to regulate a state's fiscal deci-

> handicapped children under the provisions of sections 162.670 to 162.995 shall receive state aid at the rate of six thousand dollars for each approved class of children per term of one hundred eighty days as provided by section 163.021 \* \* \*.

The statute defines a "class" as "a group of not less than ten children \* \* \*." Mo.Ann.Stat. § 162.975(6) (Vernon Supp.1985–1986).

sions. Such an entanglement should not be created except where clearly necessary. In the absence of evidence that the State's current fiscal scheme results in the denial of summer school to any handicapped child who needs it, there is no clear necessity for this Court to tip the balance of state and federal power as it relates to educational funding.

Accordingly, plaintiffs' and SSD's request that this Court adjust the amount of exceptional pupil aid provided under § 162.975 be and is denied.

599 F.Supp. at 929–30 (footnote omitted).

2. *Contractual Services Aid.* The district court ordered the State defendants to provide contractual services aid to local districts for summer programming on the same basis as such aid is provided local districts for the regular year subject to the limit of $800 per year as specified in Mo. Rev.Stat. § 162.980 (1978) (as amended). The plaintiffs and the Special School District have made no objection to this part of the district court's funding order.

3. *Discretionary Pub.L. No. 94–142 Funds.* The plaintiffs and the Special School District sought an order requiring the State defendants to increase their allocation of discretionary Pub.L. No. 94–142 funds to local school districts. The district court in denying this claim stated:

The third item requested by plaintiffs and SSD is that this Court order the State defendants to provide 85% of its discretionary P.L. 94–142 funds to local districts. The factual basis for this request is summarized in ¶ 5 of the stipulation, as follows:

5. Federal regulations require the State to distribute 75 percent of P.L. 94–142 federal funds to local educational agencies; up to 5 percent may be used for administrative purposes; the remaining 20 percent are discretionary funds. During FY 83 $19,001,-680 was distributed to local educational agencies through the P.L. 94–142 entitlement formula. This represented 85 percent of the total P.L. 94–142 funds included in the FY 83 grant award. The FY 84 budget amount for local agency entitlement is $19,398,400.

This represents 81 percent of the total P.L. 94–142 funds included in the FY 84 grant award.

*Stipulation* at 3. There are several reasons why plaintiffs' and SSD's third request must be denied.

First, if this Court were to order the State defendants to give 85% of their P.L. 94–142 funds to local districts, this Court would be obviating federal regulations which require the State to distribute only 75% of said funds to local districts. By giving 81% to local districts in 1984, the State gave 6% more than it was required to give. The portion labeled "discretionary" would no longer be discretionary if this Court granted the request at issue.

Second, although in 1984 the State reduced the percentage of P.L. 94–142 funds that it distributed to local districts from 85% to 81%, the total amount distributed actually increased significantly.

Third, the State's use of P.L. 94–142 funds is more like exceptional pupil aid for purposes of analyzing the request of plaintiffs and SSD. The State does not make any arbitrary distinction between the regular year and summer school with respect to P.L. 94–142 funds and there is no persuasive evidence that the State's handling of P.L. 94–142 funds results in local districts refusing to consider the needs of handicapped children for summer school.

Finally, part of plaintiffs' and SSD's objection to the State's use of P.L. 94–142 funds stems from the fact that subsequent to this Court's decision on the merits, the State began using a portion of discretionary P.L. 94–142 funds to finance its own summer programming for severely handicapped children. However, plaintiffs' and SSD's objection is without merit. Not only did this Court's decision not preclude the State from providing summer programming on its own, but this Court expressly anticipated such an occurrence:

[I]t is the conclusion of this court that it is the responsibility of the state edu-

cational agencies *either* to make sure that local agencies provide adequate services to handicapped children, *or to provide these services.*

*Yaris v. Special School District of St. Louis County,* 558 F.Supp. 545, 560 (E.D.Mo.1983) (emphasis added) (citations omitted).

Accordingly, the third request of plaintiffs and SSD is denied.

599 F.Supp. at 931–32.

4. *Retroactive Funding Order.* The court denied any retroactive application of its award of contractual services aid stating that "retroactivity is not warranted in this case * * *." 599 F.Supp. at 932.

5. *Attorneys' Fees.* Finally, the district court denied the award of attorneys' fees to plaintiffs' counsel on grounds that all relief obtained by plaintiffs was available under the Education for All Handicapped Children Act, 20 U.S.C. §§ 1401 *et seq.,* and as such no attorneys' fees could be awarded because relief might also lie under the Rehabilitation Act of 1973, 29 U.S.C. § 794. The district court concluded that this result was compelled by the Supreme Court decisions in *Irving Independent School District v. Tatro,* —— U.S. ——, 104 S.Ct. 3371, 82 L.Ed.2d 664 (1984), and *Smith v. Robinson,* —— U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984).

We have carefully considered the contentions of the parties. Finding no error of fact or law, we affirm on the well reasoned decisions of the district court contained in its published memorandum of December 28, 1984, 599 F.Supp. 926, and its subsequent published memorandum of February 13, 1985, 604 F.Supp. 914. *See* 8th Cir.R. 14.