923 P.2d 1187

**Helen Laura LOPEZ, and James A. Burke, Plaintiffs/Appellants–Cross–Appellees,**

**v.**

**AMERICAN AIRLINES, INC., Defendant/Appellee–Cross–Appellant.**

**Nos. 16766, 16778.**

Court of Appeals of New Mexico.

Aug. 13, 1996.

Jeffrey Romero, Helen Laura Lopez, and James A. Burke, Albuquerque, for Appellants/Cross–Appellees.

Susan S. Throckmorton and Charles K. Purcell, Rodey, Dickason, Sloan, Akin & Robb, P.A. Albuquerque, for Appellee/Cross–Appellant.

## OPINION

HARTZ, Judge.

(1) Plaintiffs Helen Lopez and James Burke appeal from judgment against them on the merits of their claims. They also contest an award to Defendant for the costs of travel by its attorney to two depositions. American Airlines (American) cross-appeals from the district court's denial of its motions for attorney's fees in defending one of Plaintiffs' causes of action and defending Plaintiffs' motion for default judgment. We affirm on all grounds, except that we reverse and remand for further proceedings with respect to travel costs and American's defense of the motion for default judgment. The only portions of this opinion meriting publication are those addressing the issues on which we reverse.

## FACTS

(2) On September 10, 1992 Burke and Lopez boarded American's Flight 263 from Raleigh, North Carolina to Dallas, Texas on their way back to Albuquerque. The flight was already two hours late. On the runway the captain announced that there would be another hour's wait. Burke complained about the delay and engaged in an altercation with the flight attendants. As a result, the captain returned the airplane to the gate, where a police officer arrested Burke and took him to jail.

(3) Lopez left the airplane with Burke and accompanied him to the jail. The parties disagree whether she did so voluntarily or involuntarily. Ultimately, Burke was charged with disorderly conduct. In October he returned to Raleigh to stand trial. No American employees appeared to testify against him. Because of Burke's New Mexico residency the court refused to continue the trial and dismissed the charges.

(4) Plaintiffs initially filed suit in Santa Fe County District Court. After they filed an amended complaint, American removed the case to federal court in December 1992. Approximately one year later the federal court ruled on a number of motions and simultaneously remanded the case to state court for lack of federal jurisdiction.

(5) In pretrial proceedings the state district court denied Plaintiffs' motion for summary judgment on their claim for breach of contract and dismissed the claims for malicious prosecution and violation of the state Unfair Practices Act. The court also denied Plaintiffs' motion for default judgment based on alleged discovery abuses. The case was tried to a jury on Plaintiffs' claims for breach of contract, false imprisonment, and false arrest. The jury returned a verdict for American. Plaintiffs appeal from the denial of their motion for summary judgment and their motion for judgment notwithstanding the verdict on the breach-of-contract claim, the summary judgment granted to American on the malicious-prosecution claim, the denial of their motion for judgment notwithstanding the verdict on the false-arrest claim, and the district court's decision to tax as costs certain travel expenses of American's attorney. American cross-appeals from the denial of its motions for attorney's fees incurred in defending the Unfair Practices Act claim and the motion for default judgment.

## DISCUSSION

1. Attorney's Traveling Expenses.

(6) The district court taxed as costs against Plaintiffs the sum of $2422 for airline

tickets for American's attorney to attend two out-of-state depositions. Plaintiffs challenge this award.

(7) The New Mexico court rule on costs states:

> **Costs.** Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as a matter of course to the prevailing party unless the court otherwise directs; but costs against the state, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one (1) day's notice. On motion served within five (5) days thereafter, the action of the clerk may be reviewed by the court.

NMRA 1996, 1–054(E); *see also* NMSA 1978, § 39–3–30 (Repl.Pamp.1991). No reported New Mexico decision has decided whether attorney's travel expenses may be taxed as costs under this rule.

(8) Almost 60 years ago *State ex rel. Stanley v. Lujan,* 43 N.M. 348, 350, 93 P.2d 1002, 1003 (1939), stated that the rule that ordinarily prohibited taxing of attorney's fees as costs "would apply as well to traveling expenses." But that decision predated Rule 1–054. Likewise, the decision in *Maschio v. Kaiser Steel Corp.,* 100 N.M. 455, 459, 672 P.2d 284, 288 (Ct.App.), *cert. denied,* 100 N.M. 439, 671 P.2d 1150 (1983), which did not permit taxing of attorney's travel expenses, is not controlling authority because it rested on a specific provision of the Workers' Compensation Act, NMSA 1978, § 52–1–34 (Orig.Pamp.). This appeal also is not determined by *State ex rel. California v. Ramirez,* 99 N.M. 92, 94, 654 P.2d 545, 547 (1982). In that case the court upheld a protective order requiring a party to pay the travel expenses of the opposing party's attorney if it wished to take an out-of-state deposition. The court relied on the rule governing protective orders, not the rule governing the award of costs.

(9) In the absence of controlling New Mexico precedent, we look to federal decisions for guidance because the relevant language of the pertinent federal rule is identical to the relevant language in Rule 1–054(E). *See Gallegos ex rel. Gallegos v. Southwest Community Health Servs.,* 117 N.M. 481, 489, 872 P.2d 899, 907 (Ct.App.), *cert. denied,* 118 N.M. 311, 881 P.2d 56 (1994). Federal decisions consistently hold that attorney's travel expenses ordinarily cannot be taxed as costs. *See McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir.1990) (per curiam); *Nugget Distribs. Coop. of Am. v. Mr. Nugget, Inc.,* 145 F.R.D. 54, 58 (E.D.Pa.1992); *Walker v. Borden, Inc.,* 115 F.R.D. 471, 474 (S.D.Miss.1986); *Sack v. Carnegie Mellon Univ.,* 106 F.R.D. 561, 564 (W.D.Pa.1985); *Hollenbeck v. Falstaff Brewing Corp.,* 605 F.Supp. 421, 439 (E.D.Mo. 1984), *aff'd,* 780 F.2d 20 (8th Cir.1985); *Todd Shipyards Corp. v. Turbine Serv.,* 592 F.Supp. 380, 404–05 (E.D.La.1984), *rev'd in part on other grounds,* 763 F.2d 745 (5th Cir.1985); *Evans v. Fuller,* 94 F.R.D. 311, 314 (W.D.Ark.1982); *George R. Hall, Inc. v. Superior Trucking Co.,* 532 F.Supp. 985, 995 (N.D.Ga.1982); *United States v. Bexar County,* 89 F.R.D. 391, 394 n. 5 (W.D.Tex.1981); *Chemical Bank v. Kimmel,* 68 F.R.D. 679, 685 (D.Del.1975); *Kaiser Indus. Corp. v. McLouth Steel Corp.,* 50 F.R.D. 5, 12–13 (E.D.Mich.1970); 6 James W. Moore, *Moore's Federal Practice* 54.77[4], at 54–377 (2d ed. 1996); 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2676, at 337–38 (2d ed. 1983).

(10) As we understand federal law, such travel expenses can be taxed as costs only if there has been a prior court order or upon "a showing of extraordinary and compelling circumstances." *Bexar County,* 89 F.R.D. at 394 n. 5; *accord Kaiser Indus.,* 50 F.R.D. at 13; *see Hollenbeck,* 605 F.Supp. at 439 (extraordinary or compelling circumstances); *Todd Shipyards,* 592 F.Supp. at 404–05 (extraordinary circumstances); *Evans,* 94 F.R.D. at 314 (exceptional circumstances); *George R. Hall,* 532 F.Supp. at 995 (extraordinary or compelling circumstances); *Chemical Bank,* 68 F.R.D. at 685 (bad faith or unfairness).

(11) This test for taxing attorney's travel expenses as costs appears to be essentially the same as for awarding attorney's fees. Our highest court has recognized an inherent judicial power "to award attorney's fees as a sanction for bad faith or vexatious litigation or for defiance of a court order." *State ex. rel New Mexico Highway & Transp. Dep't v. Baca,* 120 N.M. 1, 5, 896 P.2d 1148, 1152 (1995). We note that when the Fifth Circuit Court of Appeals affirmed a district court taxation of costs for an attorney's air fare, it relied on the court's "general equitable power" and noted that the district court expressly found that the opposing party had "acted vexatiously and in bad faith." *J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 760 F.2d 613, 616 (5th Cir.1985). According to one leading authority, taxing of attorney's travel expenses requires "circumstances that entitle the party to attorney's disbursements generally." Moore, *supra,* ¶ 54.77[4], at 54-377. This view is consistent with our Supreme Court's comment in *Stanley* that "[i]t would seem the rule governing fees would apply as well to traveling expenses." 43 N.M. at 350, 93 P.2d at 1003.

 (12) Thus, it appears that the law expressed by our Supreme Court in *Stanley* survives even after the adoption of Rule 1–054. We follow the great weight of authority and hold that travel expenses for attorneys should ordinarily not be taxed as costs. As long as we continue to recognize the American Rule that parties ordinarily bear their own attorney's fees, travel expenses of attorneys should be encompassed by this general rule. *See Dunleavy v. Miller,* 116 N.M. 353, 362–63, 862 P.2d 1212, 1221–22 (1993) (in the interest of " 'reducing insofar as possible the burdensome cost of litigation,' " courts should exercise sparingly their discretion to tax as costs those expenses not specifically authorized by statute and precedent) (quoting and following *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964)). The opposing party should be taxed for travel expenses only when they are caused by vexatious or bad faith conduct by the opposing party or its attorney.

(13) We recognize that there are decisions, such as our Supreme Court's decision in *Ramirez,* which permit a protective order to include a provision requiring payment of travel expenses. For example, if a party wishes to take a deposition at a certain time and place and under certain circumstances, the court may condition the taking of the deposition on payment of travel expenses for a witness, a party, or an attorney. We find no inconsistency between such decisions and our holding today. In fashioning a protective order, the trial court is attempting to accommodate the interests of all parties with minimal inconvenience and expense. The court is not presented with an after-the-fact request for reimbursement when other measures might have been taken to accommodate the parties better. *See Farmer,* 379 U.S. at 234–35, 85 S.Ct. at 416–17. Several courts that have refused to tax an attorney's travel expenses as costs have explicitly stated that such an award may be appropriate if authorized by a prior court order. *See Bexar County,* 89 F.R.D. at 394 n. 5; *Todd Shipyards,* 592 F.Supp. at 404. Indeed, the failure of a party to seek a protective order with respect to travel expenses would ordinarily indicate that there were not exceptional grounds for requiring the other party to pay those expenses.

 (14) There remains for us to decide whether the award of travel expenses was proper in this case. Here, the district court issued no findings or other explanation of why it awarded travel expenses. When district courts tax unusual items as costs, they should state the reasons for such action. *See McIlveen,* 910 F.2d at 1582–84. We therefore reverse the award of costs and remand to the district court for further consideration. If the district court decides to award the travel costs, or some portion thereof, it should explain the extraordinary circumstances justifying the award.

 (15) Plaintiffs also raise other issues regarding the costs bill. But these issues were not raised until the reply brief. Therefore, we do not address them. *See Hale v.*

*Basin Motor Co.,* 110 N.M. 314, 321, 795 P.2d 1006, 1013 (1990).

### 2. Defense of Motion for Default Judgment.

(16) On August 18, 1994 Plaintiffs moved for a default judgment on the ground that American had failed to produce certain policy manuals that the federal district court had ordered to be produced a year earlier. The motion also complained that when Plaintiffs had taken the deposition of Captain John Potter, an employee of American, Potter had refused to turn over his copy of the pilots' manual. The motion for default judgment had no merit. The district court found that "[t]he documents in question were produced to Plaintiffs by hand-delivery to the law offices of Helen Lopez and mailing to James Burke on September 14, 1993." In addition, there was no merit to the request for sanctions based on Captain Potter's failure to produce the pilots' manual. He had not been subpoenaed to bring any records and no court order had required American to produce the manual at the time of the deposition. In view of these circumstances, we remand to the district court with instructions either to award a reasonable attorney's fee to American for defending the meritless motion or to explain why such an award is not appropriate. *See Baca,* 120 N.M. at 5, 896 P.2d at 1152.

### CONCLUSION

(18) For the above reasons we affirm the judgment of the district court, except that we reverse and remand for further proceedings consistent with this opinion with respect to the district court's award of travel expenses to American and its denial of American's request for recovery of attorney's fees incurred to defend against the motion for default judgment.

(18) **IT IS SO ORDERED.**

WE CONCUR:

DONNELLY and FLORES, JJ., concur.